## McGill v. Hughes.

Opinion delivered November 4, 1907.

Mortgage—statute of limitation—suspension by death.—Upon the death of the maker of a note, and mortgage before the statutory period of limitation of five years has expired, that statute ceases to run as to these instruments, and the two-years statute of non-claim begins to run from the time letters of administration were granted.

Appeal from Monroe Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*Manning & Emerson,* for appellant.

1. The land in controversy was the homestead of appellant and her husband. At his death she became the owner for life, and no one could disturb her title or take possession, if she objected, except in the way pointed out by the Constitution. Art. 9, § § 6 and 3, Const. 1874.

As to the right of appellee to foreclose the mortgage, the widow is a third person. 136 U. S. 379; 2 La. 125; 28 Ore. 74; 53 Ark. 259.

2. The right of action having accrued on January 1, 1900, and no credits having been indorsed on the margin of the record within five years thereafter, the mortgage was barred as against the widow. Kirby's Digest, § 5399; 64 Ark. 317. Where the Legislature makes no exceptions in a statute of limitation, the courts can make none. 6 Ark. 14; 16 Ark. 487; 13 Ark. 291; 64 Ark. 321.

*Thomas & Lee,* for appellee.

1. Having married McGill subsequent to the execution of the note and mortgage, the widow's rights in the property are subject to the rights of the mortgagee. She could have no greater rights in the property than existed in her husband at his death; hence, the legal title being in the mortgagee, no homestead rights could descend to the widow. Art. 9, § 6, Const.; 41 Ark. 97; 29 Ark. 280; 33 Ark. 462; 33 Ark. 399; Thompson on Homestead, etc., 1 Ed. § 547.

2. Payments having been made on the note within five years after its maturity, it was not barred, and the mortgage lien was alive as to the husband at his death.

BATTLE, J. On the third day of February, 1889, John W. McGill executed his promissory note to Henry A. McGill, and thereby promised to pay him the sum of $1,775.10 on the first day of January, 1900, and on the same day executed to him a mortgage of certain lands then and there owned and occupied by the mortgagor as a homestead, with power to sell the lands in default of the payment of the note at its maturity. The mortgage was duly acknowledged, and was filed on the 4th day of February, 1899, for record. In the fall of 1902 the plaintiff in this suit and John W. McGill were married. On the third day of November, 1904, McGill died intestate, leaving the plaintiff in this suit, Emma McGill, his widow surviving. He and his wife occupied the lands mentioned as a homestead from the time of their marriage up to the time of his death. A few days after his death and before the 20th of November, 1904, Mrs. Emma McGill and Robert McGill verbally agreed that she should have one-third of the personal property and one-third of the difference between the value of the land and the amount due on the mortgage. This difference was to be paid in money by Robert McGill. There was nothing done in part performance of this agreement, and it was never reduced to writing. Mrs. McGill left the land sometime about the 25th of December, 1904, and went to the home of her father. She never delivered the land to Robert McGill, or any one for him. In her absence H. A. McGill took possession for Robert.

On the 8th day of January, 1900, Henry A. McGill transferred the note and mortgage to J. M. Hughes. There were no credits indorsed upon the margin of the record where the mortgage is recorded until the 22d of March, 1905, and 21st of April, 1905. Letters of administration upon the estate of John W. McGill were granted to J. H. Plumlee in January, 1905, and he was succeeded by H. A. McGill.

There was no proceeding instituted to foreclose the mortgage until the 23d day of March, 1905, when notice was given that the land would be sold to satisfy the mortgage. The reason for the delay was the verbal agreement of Mrs. McGill and Robert and the request of the latter for further time to pay the mortgage and his promise to do so. Mrs. McGill was not a party to this request and promise, and offered no inducement to postpone the foreclosure of the mortgage.

On the 20th of April, 1905, Mrs. McGill instituted a suit against Hughes in the Monroe Chancery Court to enjoin the sale of the land and to cancel the mortgage upon the ground that it was barred by the statute of limitation and the mortgagee had lost his lien on the land. The defendant answered, and asked that he be permitted to sell the land under his mortgage; that a commissioner be appointed by the court to sell the same; and for all other and further relief to which he is in equity entitled. The court, upon final hearing, refused to enjoin the sale and cancel the mortgage, but found that it was not barred, and decreed that it be foreclosed; and plaintiff appealed.

Was the mortgage barred as to the appellant? The statutes of this State provide: "In suits to foreclose or enforce mortgages or deeds of trust, it should be sufficient defense that they have not been brought within the period of limitation prescribed by law for a suit on the debt or liability for the security of which they were given. Provided, when any payment is made on any such existing indebtedness before the same is barred by the statute of limitation, such payment shall not operate to revive said debt or to extend the operation of the statute of limitation with reference thereto, *so far as the same affects the rights of third persons,* unless the mortgagee, trustee or beneficiary shall, prior to the expiration of the period of the statute of limitation, indorse a memorandum of such payment with the date thereof on the margin of the record where such instrument is recorded, which indorsement shall be attested. and dated by the clerk." Kirby's Digest, § 5399.

In this case five years after the right of action accrued was the time within which the law provides that the action upon the note should have been commenced. The right of action accrued on the first day of January, 1900, and was barred on the first day of January, 1905, unless the time for bringing the same was extended by payments or the death of McGill. He died before the expiration of the five years, and the statute of limitation then ceased to run against the note and mortgage, and was succeeded by the two-years statute of non-claim, which ran from the grant of letters of administration to Plumlee in January, 1905. The note and mortgage continued in full force and effect for two years after that day, or until they were paid or

satisfied.  *Ross* v. *Frick Company,* 73 Ark. 45.  The decree of foreclosure of the mortgage was rendered on the 20th day of February, 1906, within the two years.  They were not barred.

The marriage of the appellant and John W. McGill being subsequent to the filing of the mortgage for record, she acquired no rights in the land superior to those of the mortgagee, but took whatever rights she  had in the land subject to  the mortgage, and as against her appellee is entitled to the foreclosure of the same.

Decree affirmed.