ROCK ISLAND PLOW COMPANY *v.* MASTERSON.

Opinion delivered November 14, 1910.

1. LIMITATION OF ACTIONS—LAW OF THE FORUM.—All suits must be brought within the period prescribed by the local law of the State in which the action is instituted. (Page 448.)

2. SAME—WHEN CAUSE OF ACTION ACCRUES.—A cause of action ordi-narily accrues when the liability of the defendant becomes com-plete, which in the case of a note is at its maturity. (Page 448.)

3. SAME—ABSENCE OR NONRESIDENCE OF PARTY AS AFFECTING.—Unless the statute of limitations makes an exception, its operation will not be suspended during the absence from the State or nonresidence of either a creditor or a debtor.  (Page 448.)

4. SAME—ABSCONDING.—One who leaves a State openly and publicly and with the knowledge of his creditor is not an absconding debtor, within Kirby's Digest, § 5077.  (Page 450.)

Appeal from Clay Circuit Court, Western District; *Frank Smith,* Judge; affirmed.

*J. N. Moore,* for appellant.

The action was not barred. The statute of the forum does not begin to run until the defendant comes within the jurisdiction in which the suit is brought. The time elapsing between the accrual of the right of action in the foreign State and the acquiring of residence in the State where suit is brought forms no part of the statutory period. 2 Vern. 540; 13 East 439; 126 Ala. 616; 28 So. 620; 4 Conn. 47; 24 Conn. 432; 3 Kan. 26; 9 S. W. 507; 55 Me. 230; 12 Neb. 471; 11 N. W. 729; 3 Johns. Ch. 190; *Id.* 263; 12 Okla. 33; 13 S. E. 355; 15 S. Dak. 98; 5 Am. & Eng. Ann. Cas. 542.

*G. B. Oliver,* for appellee.

Not only are the acts of limitations in this State made by statute to apply to nonresidents as well as residents, but it is also the rule that the law of the forum governs the statute of limitations. Kirby's Digest, § § 5069, 5076, 5077, 5088; 83 Ark. 495; 67 Ark. 189, 56 Ark. 187; 47 Ark. 170; 63 Ark. 244.

FRAUENTHAL, J. This is an action instituted by the appellant upon a note, and the appellee pleaded the statute of limitation as a bar to a recovery thereon. The note was executed in the State of Illinois on April 15, 1902, and was payable on September 20, 1902. At the date of its execution the appellant was a corporation domiciled in, and the appellee was a resident of, said State. The appellee moved to the State of Arkansas in 1905, and has resided in this State since that time. This suit was commenced more than five years after the maturity of said note, but within five years since appellee moved to and became a resident of this State. The lower court adjudged that the action was barred.

It is the well-settled rule that all suits must be brought within the period prescribed by the local law of the State in which the action is instituted. Personal contracts are interpreted by the law of the place where they are made, but the remedies for their enforcement are regulated by the law of the forum in which the suit is brought. The statute of limitation fixes the time within which the remedy must be pursued, and therefore applies to the remedy for a breach of a contract. The statute of limitation of the State in which the action is instituted determines whether or not it is barred. Wood on Limitations, § 8; Angell on Limitation, § 65; *Blackburn* v. *Morton*, 18 Ark. 384; *Carter* v. *Adamson*, 21 Ark. 287; *Townsend* v. *Jemison*, 9 How. 407.

It is provided by section 5069 of Kirby's Digest that: "Actions on promissory notes and other instruments of writing not under seal shall be commenced within five years after the cause of action shall accrue, and not afterwards." It is urged by appellant that the accrual of the cause of action is not determined alone by the maturity of the note, but that the cause of action does not accrue, and the statute of limitations of the forum does not begin to run, until the defendant comes within the jurisdiction of the State in which the suit is brought. The soundness of this contention must be determined solely by the statute of limitation of this State. The cause of action ordinarily accrues whenever the liability of the defendant becomes complete, and in actions founded upon a note the cause of action thereon accrues at the maturity of such note.

Unless the statute makes exception, the operation of the statute of limitation will not be suspended during the absence from the State of either the creditor or debtor, nor will it be postponed because the debtor is absent from, or a non-resident of, the State at the time of the accrual of the action. The courts can not make an exception if none is expressly named in the statute. In the case of *State Bank* v. *Morris*, 13 Ark. 291, this court said: "The statute which created the limitation must also create the exception. We know of no rule of law or decision to the contrary." *Clarke* v. *Bank of Mississippi*, 10 Ark. 516; *Pryor* v. *Ryburn*, 16 Ark. 671; *Machin* v. *Thompson*, 17 Ark. 199.

In England, by the act of 4 and 5 Anne, it was provided that if the person against whom the action is brought shall be at the accrual thereof beyond the seas, the action may be brought against him after his return within the period fixed by the statute of limitation. Following this enactment, a similar provision has been incorporated in the statutes of many of the States postponing the operation of the statute of limitation until the return of the defendant to the jurisdiction of the forum in cases wherein the defendant was absent from such jurisdiction at the time of the accrual of such action. And in the early enactment of the statute of limitation in this State this exception was incorporated therein. By section 20 of chapter 91 of the Revised Statutes it was provided: "If, at the time when any cause of action specified in this act accrues against any person, he be out of the State, such action may be commenced within the times herein respectively limited after the return of such person into the State; and if after such cause of action shall have accrued such person depart from and reside out of the State, the time of his absence shall not be deemed or taken as any part of the time herein limited for the commencement of such action." In like manner there was a provision postponing the operation of the statute in event the creditor was absent from the State at the time of the accrual of the cause of action. By the act of December 4, 1844 (Acts 1844, p. 25), these exceptions in the statute of limitation were expressly repealed. By said act it was further provided that: "This act and all other acts of limitation in force shall apply to nonresidents as well as residents of the State." Kirby's Digest, § 5076.

It then made the following provision for postponing the operation of the statute in cases where the debtor was a nonresident of the State at the time of the accrual of the action:

"If any debtor or debtors shall fraudulently abscond from any other State, territory or district to this State, without the knowledge of his, her or their creditor or creditors, such creditor or creditors may commence suit against such absconding debtor or debtors within the time of this act, or any other acts of limitations now in force, prescribed for limiting such action or actions, after such creditor or creditors may become

apprised of such residence of such absconding debtor or debtors." Kirby's Digest, § 5077.

And in cases where a resident of the State was absent from the State at the time of the accrual of the cause of action it made the following provision for the suspension of the operation of the statute: "If any person, by leaving the county, absconding or concealing himself, or any other improper act of his own, prevent the commencement of any action in this act specified, such action may be commenced within the times respectively limited, after the commencement of such action shall have ceased to be so prevented." Kirby's Digest, § 5088; *Richardson* v. *Cogswell,* 47 Ark. 170.

By the repeal of said section 20, chapter 91, Revised Statutes, which provided for the postponement of the running of the statute in case where the defendant was absent from the State at the time of the accrual of the cause of action, we think that it was the intention of the Legislature to provide for the running of the statute from the time when the cause of action accrued, whether the same accrued in this State or another State, and whether it accrued against a resident or nonresident; and that the only exceptions from the operation of the statute are the cases falling within the above provisions of sections 5077 and 5088 of Kirby's Digest.

In construing section 5077 of Kirby's Digest, this court held in the case of *Keith* v. *Hiner,* 63 Ark. 244, that the debtor must fraudulently abscond from the foreign State in the manner indicated in said section before the creditor would be entitled to invoke the exception to the running of the statute provided therein. And the court in that case said: "If the debtor leaves openly, publicly or with the knowledge of the creditor, the creditor has the opportunity of tracing or following him to his destination, or suing him before he changes his domicil."

It is conceded that the appellee left the State of Illinois openly and publicly and with the knowledge of appellant, and that the facts of this case do not bring it within the provisions of section 5077 of Kirby's Digest. There is no provision of our statute which postpones the running of the statute of limitation simply because either of the parties or both were nonresidents of or absent from the State at the time the right

to bring the action became complete and perfect, and thus accrued. In States in which some such provision is incorporated in their statutes of limitation it has been held that the statute does not begin to run until such nonresident debtor comes within the jurisdiction of the forum. But in those States having statutes with no such exception it has been uniformly held that the statute begins to run from the maturity of the debt in the foreign State. See *Rutledge* v. *United States Savings & Loan Co.,* 5 A. & E. Ann. Cas. 542, and note thereto; *Thomas* v. *Black,* 22 Mo. 331; *Snoddy* v. *Cage,* 5 Texas 106; *Moore* v. *Carroll,* 54 Ga. 126. We therefore conclude that the operation of the statute of limitation was not postponed until the time when the appellee came within this State, but that it ran from the time the right of action upon the note became complete by its maturity; and, more than five years having elapsed since said date and before the commencement of this suit, it follows that the action was completely barred.

The judgment is affirmed.