## HELLRUNG v. LAFAYETTE LOAN & TRUST CO. (two cases).

## DOMAN v. LAFAYETTE LOAN & TRUST CO.

### Civ. Nos. 1259, 1301, 1311.

United States District Court
N. D. Indiana, Hammond Division.

Dec. 17, 1951.

Verlie, Eastman & Schlafly, Alton, Ill. and Green, Powers & Belshaw, Whiting, Ind., for plaintiffs.

Hunt & Mountz, Fort Wayne, Ind. and Harry P. Schultz, Lafayette, Ind., for defendant.

SWYGERT, District Judge.

These actions, considered together for purposes of the substantially identical motions to dismiss filed in each case, arose out of an accident which occurred in Illinois. Richard G. Dukes, the operator of one of the vehicles involved, and Rita Marie Leseman, a passenger in the other automobile, operated by one Willey, died as a result of the accident. The defendant was appointed the administrator of Dukes' estate by the Tippecanoe County, Indiana, Circuit Court, and these actions were thereafter instituted against it. One of these actions is a wrongful death suit brought by the administratrix of the estate of Rita Marie Leseman, while the remaining actions were instituted by other occupants of the Willey automobile to recover damages for personal injuries.

█ It is the defendant's contention that it cannot be sued in its representative capacity in actions of this character in the courts of Indiana, and that since this relates to its capacity to be sued, Indiana law must control. F.R.Civ.P. Rule 17(b), 28 U.S.C.A. Unquestionably the law of Indiana is as the defendant asserts, but it is equally settled that it can have no application here. Ind. Stat.Ann. § 6–1001 (Burns' 1933) provides: "No action shall be brought by complaint and summons against the executor or administrator of an estate for the recovery of any claim against the decedent, but the holder thereof * * * shall file a succinct and definite statement thereof in the office of the clerk of the court in which the estate is pending * * *."

The word "claim" as used here has been construed to comprehend tort claims as well as those founded on contract. Williams et al. v. Williams et al., 1940, 217 Ind. 581, 29 N.E.2d 557. There is, however, controlling authority that this and similar statutes merely distribute jurisdiction among the state courts, and that a state cannot by statute restrict the power of federal courts to hear and determine suits within their concurrent jurisdiction. Waterman v. Canal-Louisiana Bank & Trust Co., 1909, 215 U.S. 33, 43–44, 30 S.Ct. 10, 54 L.Ed. 80; United States v. Peoples Trust & Savings Co., 7 Cir., 1938, 97 F.2d 771. It is true that this jurisdiction will be declined when its exercise would disturb the previous assumption by an appropriate state tribunal of the custody of property made the subject of litigation, but it is clear that a case of this type does not present that difficulty. Waterman v. Canal-Louisiana Bank & Trust Co.; United States v. Peoples Trust & Savings Co., supra. The authority of these cases cannot be weakened or avoided by the observation that they were decided prior to the adoption of Rule 17(b), since that rule apparently was merely declaratory of existing law. Cf. Moore v. Mitchell et al., 1930, 281 U.S. 18, 23, 50 S.Ct. 175, 74 L.Ed. 673.

█ The defendant also contends that the provision of the Indiana survival statute, Ind. Stat.Ann. § 2–403 (Burns' 1933), restricting recovery to "the reasonable medical, hospital or funeral expenses incurred, and a sum not to exceed one thousand dollars * * *, " must be applied to determine whether causes of action within the jurisdiction of this court have been stated. The language of the statute itself precludes that argument. Under the allegations of the respective complaints, the acts of which the plaintiffs complain occurred in Illinois, and consequently the respective causes of action survived the death of the defendant's intestate, if at all, only by virtue of the law of Illinois. Ormsby et al. v. Chase, 1933, 290 U.S. 387, 54 S.Ct. 211, 78 L.Ed. 378; Restatement, Conflict of Laws § 390. The restriction on recovery provided by the Indiana survival statute in terms only applies to " * * * any action for personal injuries or wrongful death *surviving because of this section* * * *." (Emphasis supplied.)

Since it is apparent that Indiana does not attempt to apply the provisions of its survival statute to causes of action arising in sister states, it is unnecessary to determine whether Indiana could do so consistent with the Full Faith and Credit Clause. U.S. Const. Art. IV, § 1; see Hughes v. Fetter et al., 1951, 341 U.S. 609, 612 note 10, 71 S.Ct. 980, 95 L.Ed. 1212; Alaska Packers Ass'n v. Industrial Acc. Commission et al., 1935, 294 U.S. 532, 547–548, 55 S.Ct. 518, 79 L.Ed. 1044.

No other reasons for the dismissal of these actions have been assigned by the defendant, and the motions must accordingly in each case be denied.