Mildred I. PRATER, Plaintiff,

v.

F. C. POIRIER, Administrator of the Estate of Herbert E. Benitz, Deceased, Defendant.

William PRATER, Plaintiff,

v.

F. C. POIRIER, Administrator of the Estate of Herbert E. Benitz, Deceased, Defendant.

Nos. KC 614, KC 615.

United States District Court
D. Kansas.

Oct. 4, 1955.

Charles F. Strop, Jr., Strop & Strop, St. Joseph, Mo., and Robert A. Reeder (Reeder & Van Bebber), Troy, Kan., for plaintiffs.

Leonard O. Thomas and William Pringle, Stanley, Stanley, Schroeder, Weeks & Thomas, Kansas City, Kan., and Harry E. Miller, Finley & Miller, Hiawatha, Kan., for defendant.

MELLOTT, Chief Judge.

The present issue, raised by motions to dismiss, is whether this court has jurisdiction under Title 28 U.S.C.A. § 1332, to hear and determine negligence actions brought against the administra-

tor of the estate of a Kansas decedent. Requisite diversity of citizenship exists and the amount in controversy exceeds $3,000 exclusive of interest and costs.

The complaints indicate, and the briefs of the parties show, that the decedent met his death as the result of a collision of his automobile with one in which the plaintiffs were riding. On the same day that the complaints were filed in this court, claims for the amount sought were filed in the Probate Court of Doniphan County, Kansas. They are couched in substantially the same language as the complaints filed in these cases and seek the allowance of $16,620.80 and $44,278.90 respectively.

The Probate Code of Kansas,[1] as construed by the courts of that state, has an important bearing. It requires that all demands against an estate be exhibited by filing a petition in the probate court[2] and, under the "nonclaim" section,[3] unless so exhibited within nine months after the first published notice to creditors, they are barred.

The Supreme Court of Kansas early held that the code provisions are applicable to tort actions.[4] Recognizing that the parties to such actions are entitled to a jury trial,[5] the legislature in 1945 added two new sections. They are shown in the General Statutes of Kansas for 1949 as Sections 59–2402a and 59–2402b.

Section 59–2402a, supra, was amended in 1951,[6] to provide as pertinent here:

"When a petition shall be filed in the probate court * * * (3) to allow any claim exceeding $500 in value; * * * any interested party may request the transfer of such matter to the district court. * * * Such request may be included in any petition, answer, or

1. L.1939, ch. 180, G.S.Kan.1949, Ch. 59, 59–101 through 59–2602, as amended.

2. G.S.Kan.1949, 59–2237.

3. G.S.Kan.1949, 59–2239.

4. Shively v. Burr, 157 Kan. 336, 139 P. 2d 401. See also cases cited in Sheedy

v. Willoughby, 157 Kan. 508, 142 P.2d 801.

5. See concurring opinion in Shively v. Burr, supra, footnote 4.

6. L.1951, ch. 345, 1953 Supplement to G.S.Kan.1949, 59–2402a.

other pleading, or may be filed as a separate petition, and shall include an allegation that a bona fide controversy exists and that the transfer is not sought for the purpose of vexation of (or) delay. Notice of such request shall be given as ordered by the probate court."

Under section 59–2402b, upon the filing of the request referred to under section 59–2402a, the probate court is required to deliver to the district court so much of the file as may be necessary for a determination of the issues raised. When heard and determined by that court, a transcript of the proceedings and judgment is required to be certified to the probate court and the probate court shall proceed in accordance therewith. The district court determines the controversy as though commenced there.[7]

■ Under the Kansas Code of Civil Procedure,[8] in addition to the causes of action which survive at common law, causes of action for an injury to the person survive and "action may be brought notwithstanding the death of the person * * * liable to the same." Thus, it seems, these plaintiffs have causes of action against the administrator over which, by reason of the diversity provision of the federal statute,[9] this court has original jurisdiction. The question which clearly evolves, therefore, is whether this court should dismiss the present suits because of the provisions of the Kansas Probate Code.

The question seems not directly to have arisen since the Kansas probate code was enacted in 1939. Problems somewhat akin were before the Court of Appeals for this (the Tenth) Circuit in Miami County Nat. Bank of Paola,

Kan. v. Bancroft,[10] Rosenberg v. Baum,[11] and Rice v. Sayers.[12] The case last cited was held to be an action to contest a will, over which the probate court has exclusive jurisdiction. In the other two it was pointed out that the general original jurisdiction of a United States court cannot be limited or curtailed by state legislation creating probate courts and vesting in them exclusive jurisdiction over the settlement of estates of decedents. Such has been the holding in many cases, including Payne v. Hook,[13] cited in Miami County Nat. Bank and Rosenberg, supra.

■ Nor, it is believed, is the rationale of Woods v. Interstate Realty Co.[14] applicable here, notwithstanding the fact it has been said that "for purposes of diversity jurisdiction a federal court is 'in effect, only another court of the State.'" Kansas has not, by the legislation, taken away from its courts of general jurisdiction power to try a tort action against an administrator. It has only directed that the claim be exhibited by filing a petition in the probate court. Inasmuch as that court is required, upon request, to take the steps set out in the statute to have the issue of liability heard and determined in the district court, the litigants are not deprived of their right to jury trial. No provision of the probate code has been cited or found depriving, or attempting to deprive, this court of jurisdiction to hear this type of litigation. The constitutionality or validity of such legislation is therefore not in issue.

Other arguments in support of the motions have been considered but are not persuasive. The court is of the opinion the motions should be denied. Orders so providing are this date being signed.

7. Charvat v. Moore, 167 Kan. 336, 341, 205 P.2d 980.

8. G.S.Kan.1949, 60–3201.

9. Title 28 U.S.C.A. § 1332.

10. 121 F.2d 921.

11. 153 F.2d 10.

12. 198 F.2d 724.

13. 7 Wall. 425, 19 L.Ed. 260.

14. 337 U.S. 535, 69 S.Ct. 1235, 1237, 93 L.Ed. 1524.