WOLFE *v.* HERNDON, EXCX.

5-2602                    353 S. W. 2d 540

Opinion delivered January 29, 1962.

[Rehearing denied March 5, 1962.]

*Davis & Mills* and *Rex W. Perkins,* for appellant.

*J. Wesley Sampier* and *Crouch, Jones, Blair & Cypert,* for appellee.

GEORGE ROSE SMITH, J.   In 1959 there was a collision between a car owned by T. L. Jacobs and a motorcycle being ridden by McAllen Wolfe, a boy of fifteen. Jacobs died on April 11, 1960, from causes not attributed to the accident. On April 21 the appellee was appointed executrix of his will. Her statutory notice to creditors was first published on April 27. See Ark. Stats. 1947, § 62-2111.

On June 2, 1960, the executrix brought this action in the Benton circuit court against the boy and his parents, seeking to recover the damage to Jacobs' car and damages for verbal abuse suffered by Jacobs at the scene of the collision. By cross complaint the defendants sought compensation for young Wolfe's injuries, his medical expense, and the property damage to the motorcycle. More than six months after the first publication of the executrix's notice to creditors the trial court dismissed the cross complaint with prejudice, on the ground that a copy thereof had not been filed with the probate court. Ark. Stats., § 62-2602. The correctness of that dismissal is the principal issue on appeal.

The appellants contend that the filing requirement in question applies only to an original complaint against a personal representative and not to a cross complaint against such a fiduciary. We are unable to agree with that view.

In analyzing the statutes our starting point must be § 110 of the Probate Code, which sweepingly declares that, except in two instances, all claims against a decedent's estate, "whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise," shall be forever barred unless

presented to the personal representative or filed in court within six months after the first publication of the notice to creditors. Ark. Stats., § 62-2601. This language unmistakably expresses the legislative intention to require the assertion of all claims, including those sounding in tort, within the six-month period.

The appellants made no attempt to present to the executrix, within the six months, a verified claim conforming to Ark. Stats., § 62-2603. Their demand is therefore barred by § 110 of the Code unless the bare filing of a cross complaint in the circuit court, without a copy thereof being filed in the probate court, brings the claim within the exception set out in § 111 of the Code.

The pertinent parts of § 111, which we have broken down into four clauses, read as follows: "[*Clause 1*] The provisions of Section 110 shall not preclude the commencement or continuance of separate actions against the personal representative as such for the debts and other liabilities of the decedent, if commenced or revived within the periods stated in Section 110. [*Clause 2*] Any action pending against any person at the time of his death, which survives against the personal representative, shall be considered a claim duly filed against the estate from the time such action is revived, and [*Clause 3*] any action commenced against a personal representative as such after the death of the decedent shall be considered a claim duly filed against the estate from the time such action is commenced; [*Clause 4*] provided that, within the time required by Section 110 for filing claims against the estate, the plaintiff in such action files with the Probate Court in which the estate is being administered a copy of the petition for revivor or of the complaint, or a statement signed by the plaintiff or his attorney setting forth a description of the nature of the action, the claim or demand therein involved, the parties to the action, and the court in which the action is pending." Ark. Stats., § 62-2602.

Clause 1 states in general language that § 110 of the Code does not prohibit a separate action against a personal representative, but the action must be commenced or revived within the six months allowed for the filing of claims. Clause 2 permits the revivor of actions pending at the decedent's death and is not pertinent here.

Clause 3 provides that "any action" commenced against a personal representative shall be considered a claim against the estate from the time the action is commenced. It is, we think, of the utmost importance to realize that the appellants must rely upon Clause 3 to have any standing in the case. That is, since the appellants did not present a verified claim to the executrix they must take the position that the filing of their cross complaint in the circuit court constituted the commencement of an action.

The appellants must therefore concede that in Clause 3 "any action" includes a cross complaint. In the next breath the legislature directed in Clause 4 that the plaintiff "in such action" file with the probate court a copy of the complaint or a descriptive statement of the action. In construing the statute we cannot avoid the logical and persuasive conclusion that if the reference in Clause 3 to any action includes a cross complaint then the identical meaning must be attributed to the reference in Clause 4 to any such action. The former is the antecedent of the latter. It follows that Clause 4 requires that a copy of a cross complaint be filed with the probate court. The failure to comply with this clause is a bar to the claim. *Turner* v. *Meek,* 225 Ark. 744, 284 S. W. 2d 848.

To avoid this construction of the statute the appellants insist that the word "plaintiff" in Clause 4 does not include a cross complainant. This question is one of legislative intent. It has frequently been held that a reference to the plaintiff embraces a cross-plaintiff as well if the wording of the statute as a whole indicates that to be the proper interpretation of the law. *Fox* v. *Pinson,* 182 Ark. 936, 34 S. W. 2d 459, 74 A. L. R. 583;

*Allers* v. *Beverly Hills Laundry,* 98 Calif. App. 580, 277 P. 337; *Kriv* v. *Northwestern Securities Co.,* 237 Iowa 1189, 24 N. W. 2d 751; *Berger* v. *Van Doorn,* 57 N. Y. S. 2d 434. Inasmuch as the action referred to in Clause 3 includes a cross-action it cannot be doubted that the plaintiff referred to in Clause 4 also includes a cross-plaintiff. The need for informing the probate court of the pendency of the action is the same in both instances.

As a secondary argument it is insisted that the executrix, by filing the suit and taking routine steps in its prosecution, waived the statutory requirement that a copy of the cross complaint be filed with the probate court. That holding would nullify the statute as far as cross complaints are concerned, for the need for such a pleading never arises until the other party has first brought the suit. Hence the waiver would be unavoidable if the mere filing of suit excused compliance with the statute.

McAllen Wolfe complains that his guardian ad litem was not appointed in strict compliance with the statute. This is immaterial. The question is whether his claim against the Jacobs estate has been presented within the time allowed by law. There is no savings clause in favor of infants in the statute of nonclaim, *Stewart* v. *Thomasson,* 94 Ark. 60, 126 S. W. 86, doubtless because such an exception might often require that the estate of a deceased person be kept open for many years, with hardship to the widow and heirs. In the absence of a savings clause it was incumbent upon McAllen to present his claim in compliance with the statute. The asserted procedural irregularity could not affect his affirmative duty of establishing his claim according to law.

A final contention is that the trial court erred in overruling the appellants demurrer to that part of the executrix's complaint that sought damages for conduct in the nature of a defamation. It is said that such a cause of action would not survive the death of Jacobs. Ark. Stats., § 27-902. This point is now academic, because the executrix elected to take a voluntary nonsuit

after the dismissal of the cross complaint. It is possible that the complaint will never be filed again. Furthermore, even if we should hold that the demurrer ought to have been sustained the executrix would be entitled to an opportunity to amend her complaint. That opportunity cannot be afforded, since no action is pending.

Affirmed.