Henry A. SWAN and Peggy Ann Swan, Appellants,

v.

ESTATE of Robert Roseman MONETTE by Ollie Monette, Administratrix, Appellee.

No. 18921.

United States Court of Appeals Eighth Circuit.

Aug. 14, 1968.

Glenn G. Glasgow, of Thice, Titus, Glasgow & Johnson, Independence, Mo., for appellants; Daily & Woods, Fort Smith, Ark., were on the brief with the firm of Thice, Titus, Glasgow & Johnson, Independence, Mo.

G. Byron Dobbs, of Dobbs, Pryor & Shaver, Fort Smith, Ark., for appellee; Nabors Shaw, Mena, Ark., was on the brief with the firm of Dobbs, Pryor & Shaver, Fort Smith, Ark.

Before VOGEL, Senior Circuit Judge, LAY, Circuit Judge, and BECKER, Chief District Judge.

## PER CURIAM.

Plaintiffs-appellants appeal from an order sustaining defendant-appellant's motion for summary judgment and dismissing the complaint. The issue raised is whether the fact that the decedent carried a policy of liability insurance on his automobile excuses plaintiffs' failure to comply with the Arkansas non-claims statute in pursuing their cause of action against decedent's estate. Arkansas has no direct action statute which could cover the situation herein. We hold, on the basis of a carefully considered and thorough opinion of the District Court, the Honorable John E. Miller, that the non-compliance is not excused and we affirm this appeal on the basis of that opinion. Swan v. Estate of Monette, D.C.Ark., 1967, 265 F.Supp. 362.

Affirmed.

LAY, Circuit Judge (concurring):

I fully concur in the opinion. However, I cannot pass this opportunity to observe there is basic appeal to plaintiff's approach.

In Byers v. McAuley, 149 U.S. 608, 620, 13 S.Ct. 906, 910, 37 L.Ed. 867 (1893), the United States Supreme Court observed:

"A citizen of another State may establish a debt against the estate. Yonley v. Lavender, 21 Wall. 276 [22 L.Ed. 36]; Hess v. Reynolds, 113 U.S. 73, [5 Sup.Ct.Rep. 377, 28 L.Ed. 927]. But the debt thus established must take its place and share of the estate as administered by the probate court; and it cannot be enforced by process directly against the property of the decedent. Yonley v. Lavender, supra. In like manner a distributee, citizen of another State, may establish his right to a share in the estate, and enforce such adjudication against the administrator personally, or his sureties, Payne v. Hook, [7 Wall. 425, 19 L.Ed. 260,] supra; or against any other parties subject to liability, Borer v. Chapman, [119 U.S. 587, 7 S.Ct. 342, 30 L.Ed. 532,] supra; *or in any other way which does not disturb the possession of the property by the state court.*" (Emphasis ours.)[1]

See also Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 (1946).

This court made similar observations concerning the collection of a judgment outside of probate assets against a liability insurance carrier for a decedent in Brooks v. National Bank, 251 F.2d 37 (8 Cir. 1958). There we recognized that a non-claim statute of Kansas did not have an extraterritorial effect in an action against a Kansas executor sued in Missouri for an accident happening in Missouri, and the federal action could be pursued since the action itself otherwise was not disturbing to the assets of the estate.

It is also relevant to observe that a statute of limitations bars only the remedy and not the right. United States v. Whited & Wheless, Ltd., 246 U.S. 552, 564, 38 S.Ct. 367, 62 L.Ed. 879 (1918);

1. In Yonley v. Lavender, 88 U.S. (21 Wall.) 276, 22 L.Ed. 536 (1874), it was early established that the satisfaction of any judgment must be by state procedures.

Rock Island Plow Co. v. Masterson, 96 Ark. 446, 132 S.W. 216 (1910). And it has been held that if a "right" may lawfully be pursued through a different forum where the remedy is not otherwise barred, the statute of limitations relating to the remedy should not be applicable. Titus v. Wells Fargo Bank & Union Trust Co., 134 F.2d 223 (5 Cir. 1943). Cf. Brooks v. National Bank, supra.

It has long been held that a creditor who can assert diversity jurisdiction has a right to establish his claim within the federal courts notwithstanding the fact that the state has placed the assets of the decedent-debtor within the exclusive jurisdiction of the probate court. This is so because a state statute cannot proscribe or limit federal jurisdiction. Yonley v. Lavender, 88 U.S. (21 Wall.) 276, 22 L.Ed. 536 (1874); Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 43–44, 30 S.Ct. 10, 54 L.Ed. 80 (1909); Harrison v. Moncravie, 264 F. 776 (8 Cir. 1920); Miami Co. Nat'l Bank of Paola, Kan. v. Bankcroft, 121 F.2d 921 (10 Cir. 1941); United States v. Swanson, 75 F.Supp. 118 (D.Neb.1947); Hellrung v. Lafayette Loan & Trust Co., 102 F.Supp. 822 (N.D.Ind.1951); Falcon Seaboard Drilling Co. v. Cluck, No. 434, not reported (D.Neb.1954) (excellent opinion by Delehant, J.); cf. Prater v. Poirier, 134 F.Supp. 499 (D.Kan. 1955).

However, plaintiff's approach meets difficulty in the basic reasoning set forth in Security Trust Co. v. Black River Nat'l Bank, 187 U.S. 211, 23 S.Ct. 52, 47 L.Ed. 147 (1902), as followed by this court in Zuckerman v. McCulley, 170 F.2d 1015 (8 Cir. 1948):

"Another principle, equally well settled, is that the courts of the United States, in enforcing claims against executors and administrators of a decedent's estate, are administering the laws of the State of the domicile, and are bound by the same rules that govern the local tribunals. Aspden v. Nixon, 4 How. 467, 498, [11 L.Ed.

1074]." 187 U.S. at 227, 23 S.Ct. at 58.

The Court relied on an old federal decision, Pulliam v. Pulliam, 10 F. 53, 78 (C.C.1881), which pointed out the distinction between general statutes of limitations and probate non-claim statutes limiting the time for creditors to prove their claims. The court of appeals there had held that the non-claim statutes are "rules of property" as well as statutes of limitations. The United States Supreme Court in *Security Trust* held a Minnesota non-claim statute of limitations binding upon an action filed in federal court.

However, upon analysis, the Court was bothered by this question:

"But can it be said that, if the foreign creditor delays proceedings in the Federal court until after the time fixed by the order of the probate court for the presentment of claims had expired and after the final distribution of the estate had been effected, and after the final account of the administrator had been allowed and his office had become *functus officio*, and after all claims of local creditors had thus been precluded, he can use the Federal process to devolve a new responsibility upon the person who had acted as administrator, and to interfere with the rights of other parties, creditors or distributees, which had become vested under the regular and orderly administration of the estate under the laws of the State?" 187 U.S. at 230–31, 23 S.Ct. at 59.

And the Court added:

"It is the policy of the State of Minnesota, like that of many of the States, to prescribe a shorter term of limitations to claims against the estates of decedents than claims against living persons. Can that policy be defeated by a ruling of the Federal courts that the provisions of the State in that regard do not apply to parties bringing suit in those courts? In that event, the very mischief pointed out and deprecated in Yonley v. Lavender would

ensue, that 'The rights of those interested in the estate who are citizens of the State where the administration is conducted are materially changed, and the limitation which governs them does not apply to the fortunate creditor who happens to be a citizen of another State.' The answer given to such a proposition by this court in the case just cited was: 'This cannot be so. The administration laws of Arkansas are not merely rules of practice for the courts, but laws limiting the rights of parties, and will be observed by the Federal courts in the enforcement of individual rights.'" Id. at 231, 23 S.Ct. at 59.

However, this rationale must be weighed in light of the doctrine of Markham v. Allen, supra. Where a party is barred as a matter of state law from reaching the assets being administered in the probate court, it is difficult to understand how "vested rights" would otherwise be disrupted by plaintiff's delayed pursuit to a federal judgment. Cf. Pufahl v. Estate of Parks, 299 U.S. 217, 226, 57 S.Ct. 151, 81 L.Ed. 133 (1936). Here, all the plaintiff seeks to do is to obtain a judgment, not collect one. If the debtor has no reachable assets, this should not act as justification to bar his right to assert a claim. The purpose of non-claim statutes, in most instances, is to promote the prompt and orderly administration of estates for all parties, including creditors and distributees. See e. g., Jones v. Arkansas Farmers Ass'n, 232 Ark. 186, 334 S.W.2d 887 (1960); Hurlimann v. Bank of Am. Nat'l Trust & Sav. Ass'n, 141 Cal.App.2d 801, 297 P.2d 682, 685 (1956); In re Peers' Estate, 234 Iowa 403, 12 N.W.2d 894

(1944); Minor v. Lillard, 306 S.W.2d 541 (Mo.1957).

So the basic policy underlying the non-claim statute will not be disturbed by allowing plaintiff's action, since plaintiff admittedly is not and cannot pursue assets in the estate once he obtains a judgment. He seeks only the insurance coverage presumably available outside the probate court. See discussion Brooks v. National Bank, supra.

Nevertheless, *Security Trust Co.* has not been overruled, and in fact, takes on more significance after Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), as to the binding effect of state law on federal courts.[2]

Following this principle to conclusion, then, plaintiff's case must fail here, as the district court pointed out, for the basic reason that all applicable statutes of limitations of local law governing his claim have expired. As discussed by the trial court, the common law of Arkansas has long been that upon the debtor's death the general statute of limitations governing claims ceases to run and its only successor is the non-claim statute which sets the time in which claims against the estate may be filed.[3] State Bank v. Walker, 14 Ark. 234 (1853); Walker v. Byers, 14 Ark. 246 (1853); Biscoe v. Madden, 17 Ark. 533 (1856); McGill v. Hughes, 84 Ark. 238, 105 S.W. 255 (1907); Goins v. Sneed, 229 Ark. 550, 317 S.W.2d 269 (1958). This rule may operate to allow an extension of time beyond that allowed by the general statute of limitations and thereby be

---

**2.** However, there has been distinction upon the literal application of the *Erie* doctrine when they conflict with federal rights and federal rules of procedure. See Pritchard v. Downie, D.C., 201 F.Supp. 893, aff'd, 309 F.2d 634 (8 Cir. 1962) (excellent opinion by Judge Young, allowing an action under 28 U.S.C. § 1983 to be revived in federal court against a decedent's administrator even though the Arkansas non-claim statute had run). See

also, Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1964).

**3.** In most states the general statute of limitations does not cease upon the debtor's death. See, e. g., Malone v. Averill, 166 Iowa 78, 147 N.W. 135 (1914); Steele v. Cross, 366 S.W.2d 434 (Mo.1963); In re Kaspari's Estate, 71 N.W.2d 558 (N.D. 1955). Cf. Lesieur v. Simon, 73 Neb. 645, 103 N.W. 302 (1905). See Annot. 112 A.L.R. 289.

beneficial to the creditor, see McGill v. Hughes, 84 Ark. 238, 105 S.W. 255 (1907), or it may work a hardship upon the creditor by shortening the period of the general statute of limitations, as is the case here. In any event, plaintiff's suit in the instant case was properly dismissed by the trial court because it was barred by the running of both the general statute of limitations and the non-claim statute, as determined by Arkansas law.

Plaintiff weakly argues, however, that the Arkansas courts have never ruled that the general statute of limitations relating to personal injury does not continue to run after the date of the death of the decedent [4] notwithstanding the running of the non-claim statute, as to claims removed from the probate court. Cf. Darrah v. Foster, 355 S.W.2d 24 (Mo.1962).

Assuming for purposes of argument that the general statute of limitations has not run as plaintiff claims, there remains an even more serious objection to the federal suit. Plaintiff admittedly would be given "protection of the laws" not otherwise available to a resident creditor in the state courts. Cf. Erie R. Co. v. Tompkins, supra, 304 U.S. at 74–75, 58 S.Ct. 817.[5]

In summary, there is an appealing rationale to plaintiff's approach. There is really little justification to bar his right under the non-claim statute since he would be too late to assert any claim against estate assets, even if he obtained his judgment. However, until the local law of the state recognizes a creditor's right to pursue his claim after a non-claim statute has run [6] in courts of general jurisdiction,[7] the federal courts

4. In the instant case the period allowed by the statute of non-claims for filing claims against the estate expired on May 30, 1966. The plaintiff filed his claim on January 10, 1967. Had the general statute of limitations still been in effect, it would have run until November 20, 1968, three years after the plaintiff's cause of action arose.

5. The basic rationale of Erie R. Co. v. Tompkins and Guaranty Trust Co. of New York v. York, supra, is that a non-resident in federal court should be in no better position than a local creditor attempting to establish his claim in the courts of a state. As pointed out in *Erie*, this raises equal protection problems under the Constitution. A resident plaintiff-creditor faced with the same problems as the creditor here, could not proceed in the state courts of Arkansas, since the Arkansas legislature confines the jurisdiction of such suits to the probate court and the non-claim statute governing that procedure has run. Wolfe v. Herndon, 234 Ark. 543, 353 S.W.2d 540 (1962); Turner v. Meek, 225 Ark. 744, 284 S.W.2d 848 (1955). So a resident plaintiff might be faced with a good claim, not barred by a general statute of limitations, but with no state forum in which to file it.

6. In Security Trust Co. v. Black River Nat'l Bank, supra, there is the novel suggestion that a non-resident creditor

might file a suit in equity in federal court alleging "good cause" (quaere: the existence of assets outside the estate?) to extend the "non-claim filing date" in federal court since a creditor, resident or otherwise, would also have such a right in the probate court of the state, assuming local law provided it. (This is not true under the Arkansas statute.) It is reasonable to assume the same considerations of "good cause," aside from the reason the plaintiff was delayed in filing his claim, cannot govern a federal district judge sitting as a court of equity and a probate judge of the state. In the latter situation, the probate court would be concerned over the orderly administration of the assets of the estates and the rights of the parties whose interests have perhaps already vested. Whereas the federal district court might only weigh the plaintiff's possible futility of collection under state law of assets outside the probate jurisdiction and the possible time of the federal court to hear the claim.

7. Cf. Prater v. Poirier, supra, and Darrah v. Foster, supra. In Missouri the legislature obviously cognizant of the inequity of the rule in Zuckerman v. McCulley, supra, amended their claim statute, as follows:

"Unless written notice of actions instituted or revived under Section 473.-363 or 473.367 is filed in the probate court within nine months after the first published notice of letters, no

must render the same inequitable justice, the only beneficiaries of which are insurers, now fortuitously relieved from obligations previously contracted.

recovery may be had in any such action on any judgment therein against the executor or administrator out of any assets being administered upon in the probate court or from any distributee or other person receiving such assets."