BEAM, Circuit Judge,
concurring in part and dissenting in part.
I concur in the court’s conclusions in part II.C of its opinion, but as to parts II.A and II.B I respectfully dissent. The court concludes that despite Wong’s failure to comply with Minnesota’s procedures for appealing an order of the Commissioner of DHS, the district court’s exercise of supplemental jurisdiction keeps his claim for review extant. This issue presents two questions: (1) whether the federal district court may, as a general matter, exercise supplemental jurisdiction over claims requiring adjudication of state administrative issues and (2) whether such ekercise, in this case, effectively preempts Minnesota’s DHS review procedure.[8] Under City of Chicago v. International College of Surgeons, 522 U.S. 156, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997), the answer to the first question is clearly yes. However, I' part ways with the court as to the second.
. In my view, Wong’s right-to invoke 28 U.S.C. § 1367(a) federal district court jurisdiction does not permit him to ignore Minnesota’s administrative procedures for considering and appealing a DHS decision. Neither does it permit Wong to disregard Minnesota’s statute of limitations regarding finality of such a decision. Appletree Square I, Ltd. P’ship v. W.R. Grace & Co., 29 F.3d 1283, 1284 (8th Cir.1994). Minnesota law states that a party aggrieved by an order from the "Commissioner may appeal that order .
by serving a written copy of a notice of appeal upon the commissioner and any adverse party of record within 30 days after the date the commissioner issued the order, the amended order, or order affirming the original order, and by filing the original notice and proof of ser *937 vice with the court administrator of the district court.
Minn.Stat. § 256.045, subdiv. 7. The district court correctly held that Wong failed to comply with the thirty-day statute of limitations, making the Commissioner’s decision final and preclusive. This court erroneously reaches a contrary result.
While the court concedes that Wong failed to file an “original notice and proof of service [of his notice of appeal] with the court administrator of the [state] district court” within the statutory period, it contends that such was not required by subdivision 7, invoking the grammatical interpretive “rule of the last antecedent.” This was error. Barnhart v. Thomas, 540 U.S. 20, 124 S.Ct. 376, 157. L.Ed.2d 333 (2003), cited as authority by the court, notes that the last antecedent rule “can assuredly be overcome by other indicia of meaning.” Id. at 26, 124 S.Ct. 376. Courts refuse to apply the rule when a contrary interpretation is the more reasonable one. Nobelman v. Am. Sav. Bank, 508 U.S. 324, 330-31, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). Here the “series-qualifier canon,” Black’s Law Dictionary (10th ed.2014), should be used because it is illogical and unreasonable not to connect the words “by serving a written copy of a notice of appeal ” and “by filing the original notice [of appeal]” to the thirty-day filing requirement.
To contend that the state appellate statute of limitations should be extended ad infinitum through the nonuse of a clearly placed timeliness modifier is clear error. Such an approach defies the obvious, legislative intent contained in subdivision 7 (indeed, the subdivision is entitled “Judicial Review”) and other relevant portions of § 256.045’s review procedures.
For instance, subdivision 5 of § 256.045 states that “[a]ny order of the commissioner ... shall be conclusive upon the parties unless appeal is taken in the' manner provided by subdivision 7,” which manner requires the notice of appeal to be directed to the state court administrator. Thus, under the court’s approach, the disputed matter would remain suspended indefinitely, possibly pending further litigation in the -nature of injunction, declaratory judgment, or mandamus bottomed upon a showing of laches. In my view, the Minnesota Legislature could not have intended such a result. Wong’s failure to appeal within thirty days as required . by § 256.045, subdivision 7 made the Commissioner’s ruling final and unappealable, Appletree Square, 29 F.3d at 1284.
I agree that pursuant to 28 U.S.C. § 1367(a), a federal district court has supplemental jurisdiction over a state administrative law claim so related to other federal claims that the state claim forms a part of the same case or controversy under Article III of the U.S. Constitution. I also agree that International College, 522 U.S. at 174, 118 S.Ct. 523, provides that such state administrative law claims (at least in a matter removed to the federal district court pursuant to 28 U.S.C. § 1441(a)) may include administrative claims that derive from a common nucleus of operative facts as the asserted federal claims. But, although state law cannot limit federal jurisdiction, a state law claim filed ab initio under § 1367(a) domes with state law limitations and proscriptions applicable to the substance and finality. of the state law claim. For instance, as noted earlier, a state statute of limitations comes along with the supplemental state law claim. Appletree Square, 29 F.3d at 1284.
The court cites Swan v. Estate of Monette, 400 F.2d 274, 276 (8th Cir.1968) (per curiam) (Lay, J., concurring), for the theorem that “a state statute cannot proscribe or limit federal jurisdiction.”- Notwithstanding this quotation from a one-judge concurrence in a circuit Court per curiam opinion, I agree that it properly states the law as a general proposition. However, *938 the eourt fails to note the next following paragraph in Swan that states, “[ajnother principle, equally well settled, is that the courts of the United States ... are administering the laws of the State of the domicile and are bound by the same rules that govern the local tribunals.” Id. (quoting Sec. Trust Co. v. Black River Nat’l Bank, 187 U.S. 211, 227, 23 S.Ct. 52, 47 L.Ed. 147 (1902)).
In other words, in this case we look to Minnesota law and rules to determine the essence and finality of the state law claim as it arrives in federal court. Thus, Wong’s right to invoke the jurisdiction of the federal trial court does not permit him to disregard Minnesota’s procedures for establishing the existence of a final DHS decision. Under subdivision 7, Wong had thirty days to appeal the adverse ruling of the Commissioner to the Minnesota state district court (and, perhaps, the federal district court under an expanded rationale of International College). He did not timely file such an appeal, making the Commissioner’s ruling final and unappeala-ble. As noted by the Supreme Court, “it is sound policy to apply principles of issue preclusion to the factfinding of [state] administrative bodies acting in a judicial capacity.” University of Tenn. v. Elliott, 478 U.S. 788, 797, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986).
I believe this finality circumstance also obligates this court to affirm the district court’s dismissal of Wong’s ADA and RA claims. Because Wong’s claim for benefits became final at the state level, the DHS’s decision provides the requisite finality for claim preclusion in these causes of action as well. Therefore, I would affirm the district court’s dismissal of Wong’s ADA and RA claims as res judicata.

. I believe we should not follow the Fifth Circuit’s approach in Bradberry v. Jefferson County, Texas, 732 F.3d 540, 554-55 (5th Cir.2013), construing § 256.045 subdivision 7 of the Minnesota Statutes as a court venue provision.. Such a conclusion directly contra-.diets the plain language .of the'statute, which directs an aggrieved party to appeal a DHS administrative order “by filing the original notice and proof of service with the court administrator of the [state] district court.”