CHAMBERLAIN *v.* CRAWFORD, EX'R.

5-2974                                366 S. W. 2d 897

Opinion delivered April 22, 1963.

*Caldwell T. Bennett* and *W. E. Billingsley,* for appellant.

*Murphy & Arnold,* for appellee.

CARLETON HARRIS, Chief Justice. This is an appeal from the Probate Court of Independence County, Arkansas, wherein a claim filed by appellant, Ray C. Chamberlain, against the estate of Claude C. Crawford, deceased, was disallowed because it was not filed within the statutory period.[1]

Claude Crawford departed this life in Memphis, Tennessee, about June 10, 1961, and his Last Will and Testament was admitted to probate in Shelby County, Tennessee, on June 15. On August 18, 1961, a petition was filed in the Independence County Probate Court, seeking ancillary administration for certain property located in that county.

Pat Crawford, a brother of the deceased, and executor under the will admitted in Shelby County, was named personal representative for the ancillary administration on August 26, 1961. Thereafter, on September 1, 1961, the personal representative caused to be published the

---

[1] The court never did reach the merits of the claim.

"Notice to Creditors," notifying all creditors to exhibit their claims within six months from the first date of publication, or be forever barred. On September 26, the several heirs of Claude C. Crawford filed an "Entry of Appearance and Waiver of Notice." On March 15, 1962, appellant filed his claim against the estate of Claude C. Crawford, which the court disallowed, the court finding "that the claim of Ray C. Chamberlain be disallowed as not being filed within the six months period allowed for claims against the estate after publication of notice to the creditors." From such order, comes this appeal.

The appeal is predicated on the fact that the several entries of appearance and waivers of notice by the heirs of the testator were not filed until September 26, 1961, and appellant contends that the notice to creditors could not have been legally published until after the entries of appearance and waivers of notice had been filed. He thus asserts that his claim was filed within proper time; in other words, that the six months statute did not commence to run until September 26.

We do not agree with this contention. At the outset, it will be noted that appellant is not complaining of lack of notice to himself, but rather is complaining of an alleged lack of notice to the heirs. Of course, if the heirs had felt aggrieved at any action taken, or were of the view that some right had been denied them because no notice was given, theirs was the prerogative (under certain circumstances) to complain, but that question is not here presented. In fact, the heirs filed no demand for notice, and, as herein stated, subsequently entered their appearance and waived notice. Section 62-2107, Ark. Stats., provides:

"If an interested person desires to be notified before a will is admitted to probate or before a general personal representative is appointed, he may file with the clerk a demand for notice. A demand for notice is not effective unless it contains a statement of the interest of the person filing it, and his address or that of his attorney. After filing same, no will shall be admitted to probate and no personal representative shall be appointed other than a

special administrator until the notice provided in Section 49 (Sec. 62-2110) has been given."

Section 62-2109 further provides:

"Upon filing the petition for probate or for the appointment of a general personal representative, if no demand for notice has been filed as provided in Section 46 (Sec. 62-2107), and if such petition is not opposed by an interested person, the court may, in its discretion, hear it forthwith or at such time and place as it may direct, without requiring notice."

Still further, from Section 62-2111:

"Promptly after the letters have been granted on the estate of a deceased person, the personal representative shall cause to be published a notice of his appointment, stating the date thereof, and requiring all persons having claims against the estate to exhibit them properly verified to him, within six months from the date of the first publication of the notice, or they shall be forever barred and precluded from any benefit in such estate. * * * "

The remaining statute, applicable to this litigation, is Section 62-2601.[2] We think this claim was clearly barred under either § 62-2111 or § 62-2601.

---

[2] Pertinent portions of Section 62-2601, are as follows:

a. STATUTE OF NONCLAIM. Except as provided in Sections 111 [§ 62-2602] and 119 [§ 62-2610], all claims against a decedent's estate, other than expenses of administration and claims of the United States which, under valid laws of the United States, are not barrable by a statute of nonclaim, but including claims of a state or territory of the United States, and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred as against the estate, the personal representative, the heirs and devisees of the decedent, unless verified and presented to the personal representative or filed with the court within six months after the date of the first publication of notice to creditors.

b. STATUTES OF LIMITATION. No claim shall be allowed which was barred by any statute of limitation at the time of the decedent's death.

c. WHEN STATUTE OF NONCLAIM NOT AFFECTED BY STATUTES OF LIMITATION. No claim shall be barred by the statutes of limitation which was not barred thereby at the time of the decedent's death, if the claim shall be presented to the personal representative or filed with the court within six months after the date of the first publication of notice to creditors. * * * *

In *Wolfe* v. *Herndon,* 234 Ark. 543, 353 S. W. 2d 540, we said:

"In analyzing the statutes our starting point must be § 100 of the Probate Code, which sweepingly declares that, except in two instances, all claims against a decedent's estate, 'whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise,' shall be forever barred unless presented to the personal representative or filed in court within six months after the first publication of the notice to creditors. Ark. Stats., § 62-2601. This language unmistakably expresses the legislative intention to require the assertion of all claims, including those sounding in tort, within the six-month period."

Further:

"McAllen Wolfe complains that his guardian *ad litem* was not appointed in strict compliance with the statute. This is immaterial. The question is whether his claim against the Jacobs estate has been presented within the time allowed by law. * * * In the absence of a savings clause it was incumbent upon McAllen to present his claim in compliance with the statute. The asserted procedural irregularity could not affect his affirmative duty of establishing his claim according to law."

Since the record reflects that statutory requirements were followed by the personal representative, and that appellant's claim was filed more than six months after the first publication of notice to creditors, it follows that the claim was properly disallowed.

Affirmed.