TURNER v. MEEK, EXCR.

5-806                                     284 S. W. 2d 848

Opinion delivered December 19, 1955.

*Bedwell & Bedwell,* for appellant.

*Thomas Harper* and *G. Byron Dobbs,* for appellee.

MINOR W. MILLWEE, Associate Justice. The issue here is whether a tort action against an estate is barred by our statute of nonclaim.

According to an agreed stipulation of facts, J. W. Meek died testate May 13, 1952, and defendant, Jim D. Meek, was appointed executor of his estate. On May 27,

1952, a notice to creditors was duly published calling upon all persons to present claims against the estate within six months, and the time for filing such claims expired November 27, 1952. On June 12, 1952, plaintiffs, A. J. and Sallye Turner, filed the instant action in circuit court against the defendant executor seeking damages for injuries allegedly sustained by Mrs. Turner, a nurse, by reason of a willful assault upon her by J. W. Meek while she was nursing him on May 8, 1952. Plaintiffs took a nonsuit on October 20, 1952, and on January 20, 1953, refiled their complaint which was subsequently amended to assert an action based solely on the alleged negligence of decedent. In the course of the administration of the estate, the probate court entered an order on December 19, 1952, allowing a partial fee to defendant's attorneys for certain services, including services rendered in connection with the present action.

Defendant pleaded the nonclaim statute as a bar to the instant action in his answer and a motion to dismiss, which was overruled on October 1, 1953. The case proceeded to trial and resulted in a judgment for plaintiffs on October 13, 1954. This judgment was set aside and a new trial ordered upon defendant's motion on November 10, 1954, and there was no appeal from such order. Defendant renewed his motion to dismiss which was submitted to the trial court upon the foregoing facts and the additional stipulation that neither plaintiff filed a claim with either the executor or the probate court; and that neither of the plaintiffs, nor anyone acting for them, ever filed with the probate court a copy of any complaint filed herein or any statement signed by plaintiffs, or their attorneys, setting forth the nature of the action, the claim or demand therein involved, the parties to the action and the court in which the action is pending. Upon this stipulation of facts, the circuit judge held the instant action barred by our nonclaim statute and plaintiffs have appealed.

A determination of the validity of the trial court's action involves a consideration of certain sections of the Probate Code [Act 140 of 1949] which made some sig-

nificant changes in our nonclaim statute. Section 110 of Act 140 appears as Ark. Stats., § 62-2601, and provides that, with certain exceptions which are not pertinent here, all claims against a decedent's estate are barred unless verified and presented to the personal representative or filed with the probate court within six months after the date of the first publication of notice to creditors.

Section 111 of Act 140 appears now as Ark. Stats., § 62-2602, and reads: "The provisions of Section 110 [§ 62-2601] shall not preclude the commencement or continuance of separate actions against the personal representative as such for the debts and other liabilities of the decedent, if commenced or revived within the periods stated in Section 110 [§ 62-2601]. Any action pending against any person at the time of his death, which survives against the personal representative, shall be considered a claim duly filed against the estate from the time such action is revived, *and any action commenced against a personal representative as such after the death of the decedent shall be considered a claim duly filed against the estate from the time such action is commenced; provided that, within the time required by Section 110 [§ 62-2601] for filing claims against the estate, the plaintiff in such action files with the Probate Court in which the estate is being administered a copy of the petition for revivor or of the complaint, or a statement signed by the plaintiff or his attorney setting forth a description of the nature of the action, the claim or demand therein involved, the parties to the action, and the court in which the action is pending.* Nothing in this Section shall impair the individual liability of the personal representative for his own acts and contracts in the administration of the estate." (Italics supplied.)

Present counsel for plaintiffs, who did not represent them prior to January, 1954, concede there was no compliance with § 62-2601, *supra,* but earnestly contend there was a substantial compliance with § 62-2602 because defendant and his attorneys had knowledge of the pendency

of plaintiffs' action by reason of the service of summons on defendant and the order of the probate court of December 19, 1952, allowing a partial fee to defendant's attorneys for services, which included services rendered in connection with the instant action. In rejecting this contention the trial court stated:

''The Legislature, in enacting the remedy under Section 62-2602, seems to have had in mind that where an estate is sued some notice thereof in writing should be filed with the probate court having jurisdiction over the estate. A copy of the complaint may be filed, or, in lieu thereof, a signed statement giving all of the details ordinarily found in a complaint, may be filed. In the face of such language it is believed that if actual notice, such as the personal representative always has by service upon him of summons, were intended to suffice under this statute, that the Legislature would have so said if they wished the courts to so hold.''

We concur in the circuit judge's interpretation of the statute. Section 62-2602, *supra,* amended § 99 of Pope's Digest which provided that all actions commenced against a personal representative after death of the testator or intestate should be considered legally exhibited claims against the estate from the time of service of process on said personal representative. The amended statute clearly placed the additional duty on the plaintiffs, and not upon the executor, to file either a copy of the complaint or a statement of the nature of the action, etc., with the probate court prior to November 27, 1952, and this was not done. In making proper determinations and orders relative to claims, family allowance, dower, etc., at the termination of the six-months period on November 27, 1952, the probate court was entitled to rely upon the statute, which was not complied with by the mere service of process on defendant in this action. As to the contention that the allowance of a fee to defendant's attorneys by the probate court on December 19, 1952, amounted to a substantial compliance with the stat-

ute, it is noted that the six-months period had already expired, and there was no action pending in the circuit court, at that time.

Plaintiffs' second and final point is that § 62-2602 is inapplicable for the reason that the claim asserted by them is contingent in nature under Ark. Stats., § 62-2610 (c), which provides: "Contingent claims not presented within the time prescribed by Section 110 (62-2601), or subsection b hereof, shall be barred as against the estate, but within the time now or hereafter permitted by law for bringing actions thereon, may be enforced against distributees of the estate to the extent of the assets of the estate or the proceeds thereof, remaining in the hands of such distributees." Plaintiffs argue that their claim remains contingent so long as it is undetermined judicially, and that they, therefore, have a right to proceed against the distributees of the estate under this provision of the statute.

We cannot agree that the claim involved here is "contingent" within the meaning of the statute. In those jurisdictions where the question has arisen, the courts have uniformly held that liability upon an unliquidated claim for damages arising out of a tort is not a "contingent claim" within the meaning of statutes relating to contingent claims against an estate. In passing on this issue in *Pierce* v. *Johnson*, 136 Ohio St. 95, 23 N. E. 2d 993, 125 A. L. R. 867, the court said: "In 21 American Jurisprudence, 582, Section 356, it is stated: 'According to the ordinary acceptance of the term, a contingent claim is one where the liability depends upon some future event which may or may not happen, and which, therefore, makes it wholly uncertain whether there ever will be a liability.' See also 11 Ruling Case Law, 205, Section 229.

"A liability on an unliquidated claim for damages arising out of a tort does not depend for its creation upon the occurrence of some uncertain event in the future. On the contrary, such claim is, as of necessity it must be, based on the theory that the event, the tort,

giving rise to liability, has already occurred, and that a cause of action has already accrued and is in existence. A claim thus grounded cannot be said to be contingent.''

Other decisions to the same effect are: *Rehn* v. *Bingaman*, 151 Neb. 196, 36 N. W. 2d 856; *Mueller* v. *Shackett*, 156 Neb. 881, 58 N. W. 2d 344; *Hicks* v. *Wilbur*, 38 R. I. 268, 94 A. 872; *Des Moines Transportation Co.* v. *Harring*, 238 Iowa 395, 27 N. W. 2d 210; *Helliker* v. *Bram*, (Mo.) 277 S. W. 2d 556. The distinguishing feature of a contingent claim is that the cause of action has not accrued. Any cause of action available to plaintiffs as a result of the alleged tort on May 8, 1952, accrued at that time, and any claim grounded thereon is unliquidated, but not contingent, within the meaning of the statute.

The trial court properly sustained the motion to dismiss, and the judgment is affirmed.