WHITENER *v.* WHITENER.

5-1299                304 S. W. 2d 260

Opinion delivered June 24, 1957.

*Brockman & Brockman,* for appellant.

*Lasley & Lovett,* for appellee.

J. SEABORN HOLT, Associate Justice. Troy L. Whitener died intestate September 14, 1954, and left surviving his widow, Vera Whitener, his mother, Jennie, and two brothers, Homer and Jewell. He left no children. Vera Whitener was appointed administratrix of his estate September 30, 1954, and has acted in that capacity since. On January 13, 1955, the administratrix filed her first inventory along with a preliminary accounting from October 1954 to December 1954.

On January 14, 1955 the appellants, Mrs. Jennie Whitener and Homer Whitener, filed an intervention, alleging, in effect, that appellee had not filed a complete and correct inventory, in that she had not included therein certain farming equipment of the value of $2,000 owned by her husband at the time of his death, and that she be required to include this machinery in her inventory. They further prayed that the court determine their rights in the estate, alleging that appellee had waived her dower rights under the terms of a certain property settlement entered into between appellee and her husband September 13, 1951. On a hearing August 23, 1955, the trial court sustained appellants' exceptions

to the inventory as to the farm implements (of the undisputed value of $2,000) and ordered that they be included in the inventory and administered along with the other assets of the estate.

On September 18, 1955, appellee, within less than one month after the court had held that she had no title to the farm implements, filed her claim against the estate for $2,000 as an absolute obligation of the estate. Thereafter (November 30, 1956) the court allowed appellee this $2,000 claim holding that it fell within the class of contingent claims, was filed within the time allowed by statute, and the accounting filed by appellee was approved. The court further found, in effect, that all the property of the estate was a new acquisition; that one-half of the personal property was sufficient to pay all debts, except a certain mortgage indebtedness secured by real estate; that appellee (as the widow), under § 61-206 Ark. Stats. of 1947, was entitled as her dower to one-half of the real estate in fee, to one-half of the personal property as against collateral heirs; and should more than one-half of the estate be required to pay the debts the widow should have the remainder. The judgment further recited that the widow's one-half in the real estate should be subject to one-half of the mortgage indebtedness thereon.

The case comes to us on appeal and cross-appeal. For reversal appellants rely upon these points: "1. The claim of Vera Whitener, filed on September 18, 1955, is not a contingent claim, and therefore is barred by § 62-2601 (A) of Ark. Stats. 1947. 2. Vera Whitener elected to maintain title to the farming implements as her individual property, and therefore, failed to file a claim against the estate as required by § 62-2601 (A) of Ark. Stats. 1947. 3. The Property Settlement Agreement dated September 13, 1951 bars Vera Whitener from any claim for dower in the Estate of Troy L. Whitener. 4. If the Court holds that the property settlement agreement does not bar Vera Whitener from claiming dower, then she is entitled to a one-third interest only as her dower, free from debts and expenses."

Appellee on cross-appeal contends that the trial court erred in holding that the widow's part of one-half of the real estate was subject to one-half of the mortgage indebtedness thereon.

Material facts appear not to be in dispute.

## 1.

Appellants' first contention that the $2,000 claim filed by appellee on September 18, 1955, is not a contingent claim and, therefore, barred under § 62-2601 (A) Ark. Stats. 1947, cannot be sustained. We think the record clearly shows that it was contingent. In July 1951 it appears that Vera and her husband separated and Vera sued for divorce. On September 13, 1951, while this suit was pending, the parties entered into a property settlement and on September 21, 1951, by agreement, the divorce action was dismissed with prejudice. Thereafter, in December 1951, the parties resumed their marital relations and lived together until the husband's death, September 14, 1954. It further appears that, on November 29, 1952, Vera and her husband adjusted and settled certain financial accounts between them. He was at the time indebted to Vera in the amount of $7,910.88, consisting of two notes, one for $4,100 and the rent note for $3,000, along with other smaller amounts making up the total. This indebtedness is not disputed and was paid by the husband conveying to his wife a tract of land for a consideration of $4,900 and certain farm implements of the value of $2,000, which amount his wife credited him on his indebtedness to her. The balance of the indebtedness was paid in cash. In these circumstances Vera, claiming and believing that she was the owner of the farm implements, did not include them in the inventory as assets of the estate.

She successfully contended in the trial court that she had no enforceable claim against the estate for this $2,000 item (farm machinery) until the court, on August 23, 1955, held that this machinery did not belong to her, as she believed, but should have been included in the inventory as assets of the estate. Appellants, on

the other hand, contended that her claim for $2,000 became absolute when they filed exceptions to her inventory and since she did not file her claim within six months of the filing of their exceptions, it was barred by the statute of non-claims. We do not agree with appellants' contention. As indicated, we think the trial court properly held that this claim, in the circumstances, was clearly a contingent claim and was filed by Vera within the time permitted after it became absolute, and was, therefore, not barred. Under § 62-2610 Ark. Stats. 1947, a contingent claim which becomes absolute six months or more prior to the order of final distribution must be presented within six months after becoming absolute, as was done here.

As indicated, we think, that following the filing by appellants of exceptions to Vera's inventory, whether there would ever be a valid claim against the estate by Vera for the $2,000 clearly depended upon an uncertain future event, that is, the decision of the Probate Court on appellee's right to this $2,000. We have defined a contingent claim in this language: "According to the ordinary acceptance of the term, a contingent claim is one where the liability depends upon some future event which may or may not happen, and which therefore, makes it wholly uncertain whether there ever will be a liability," *Turner* v. *Meek Excr.*, 225 Ark. 744, 284 S. W. 2d 848.

### 2.

On appellants' second point, what we have said above on the first contention applies with equal force. As indicated, until the Probate Court determined that Vera was not entitled to the consideration of $2,000 she had allowed her husband on his indebtedness to her, and until she had been directed by court order to include this amount in her inventory as assets of the estate, she had no claim against the estate. We think she has pursued the only remedy left open to her in the circumstances.

### 3 and 4.

We consider appellants' third and fourth contentions together since they appear to be interrelated. We do not agree that the property settlement of September 13, 1951, barred the widow (appellee) of her dower rights.

The trial court held that the settlement agreement "does not under the evidence in the case bar the dower rights of the widow, Vera Whitener, in the estate of the deceased husband," and we think the court was correct in so holding. The only way a wife could relinquish her dower interest in her husband's property is by valid deed. § 50-416 Ark. Stats. 1947 provides: "A married woman may relinquish her dower in any of the real estate of her husband by joining with him in the deed of conveyance thereof, or by a separate instrument executed to her husband's grantee or anyone claiming title under him and acknowledging the same in the manner hereinafter prescribed." The property settlement agreement here, however, was not sufficient to convey her dower rights in the real property under the above statute. Such was the effect of our very recent holding in *Marshall* v. *Marshall*, 227 Ark. 582, 300 S. W. 2d 933. Also see *Bowers* v. *Hutchinson*, 67 Ark. 15, 53 S. W. 399. In the latter case (*Bowers* v. *Hutchinson*) a similar question was involved as here, there the wife for a consideration entered into a settlement agreement (denominated "A Deed of Separation or Articles of Agreement") whereby she would not at any time in the future make any claim because of interest in the real estate owned or that might thereafter be acquired by her husband: ". . . intending to relinquish, release, remise and forever quitclaim unto said first party (her husband), his heirs and assigns . . . all claims, interest, right, demand or possibility of dower that might or could hereinafter be allotted and assigned to her by virtue of her said intermarriage with said first party." There, as here, this agreement was set up as a bar to the widow's claim of dower. We there said: "The deed (of separation or articles of agreement) which consti-

tuted the defense in this action was without effect as a relinquishment of dower in real estate . . . Under these (our) statutes, this Court has repeatedly held that 'a married woman can relinquish dower only by joining with her husband in a deed of conveyance to a third person.' '' In subsequent decisions we have uniformly adhered to this principle. In *Roetzel* v. *Beal,* 196 Ark. 5, 116 S. W. 2d 591, our holding in the Bowers case *supra* was reaffirmed. We, therefore, conclude that appellee's attempt to convey her dower in the settlement agreement was not effective to convey her dower rights.

Finally, appellants' contention that the court erred in holding that the widow was entitled to one-half the personal property is, we think, untenable in the circumstances. The trial court held: ''That under the applicable statute, § 61-206 of the 1947 Statutes of Arkansas, the widow of Troy L. Whitener is endowed in fee simple of one-half of the real estate and one-half of the personal property absolutely and in her own right. This statute means that the widow is entitled to one-half as against collateral heirs, even though it takes all the remainder to pay the debts, and if more than one-half of the estate is required to pay the debts, the widow is, as against collateral heirs, entitled to the remainder. . . (and) that the widow's one-half interest in this real estate shall be subject to one-half of the mortgage indebtedness thereon; . . .''

The inventory shows the personal property to be of the value of $9,768.89 and with the amount of $2,000 (farm equipment), which the court directed should be added to the inventory, makes the gross amount of the personal estate $11,768.89. Since it appears that a part of this gross estate consisted of the value of a crop without any deductions for the cost of harvesting and preserving it, admitted to be $1,586.90, this amount should be deducted, leaving a total personal property value of $10,181.99. It further appears that the indebtedness due and owing by Mr. Whitener at the time of his death, excluding the secured indebtedness, but including Vera Whitener's claim of $2,000 allowed by the trial court, plus the

expenses of administration, amount to a total of $2,-934.14. Thus, since the total of the personal property amounted to $10,181.99, one-half of this amount ($5,-090.99) was substantially more than the unsecured indebtedness and expenses of administration. The evidence shows that in making the above calculations the appellee used the inventory and accountings of the administratrix, all of which were approved by the court, and to which it appears no exceptions were filed. We, therefore, conclude that the chancellor's findings, that one-half the personal property was sufficient to pay the unsecured indebtedness of the estate and that the widow was entitled to one-half the personal property as her dower as against collateral heirs, were correct. We, therefore, affirm on appellants' direct appeal.

On cross-appeal, appellee earnestly contends that the trial court erred "in holding that the widow takes an undivided one-half interest in the real estate subject to the mortgage indebtedness thereon." We do not agree.

In the above contention appellee relies largely on § 62-2701 Ark. Stats. 1947 (Act 140 of 1949). This identical question was answered contrary to appellee's contention in the very recent case of *Cranna, Adm.* v. *Long,* 225 Ark. 153, 279 S. W. 2d 828. There, after construing the effect of statutes prior to Act 140 (§ 66, Pope's Digest, and § 62-2401 Ark. Stats. 1947) and § 62-2701, (§ 124, Act 140 of 1949 above) we there said: "Sec. 62-2701, Ark. Stats., in abolishing the priority between personal property and real property for the payments of the debts of the deceased, applies *after* it has been determined that the lands are necessary for the payment of debts. That section does not change the long established rule of our cases, as above cited." We reaffirm the above holding. Before real estate may be resorted to for the payment of debts of the estate the personal property must first be resorted to.

Accordingly, we affirm on both direct and cross-appeal.

Mr. Justice GEORGE ROSE SMITH concurs.

HARRIS, C. J., disqualified and not participating.