JONES, EXCX. *v.* ARK. FARMERS ASSN., INC.

5-2143                                    334 S. W. 2d 887

Opinion delivered May 9, 1960.

*James R. Hale,* for appellant.

*Thompson & Thompson* by *Edgar R. Thompson,* for appellee.

PAUL WARD, Associate Justice.  J. Hal Jones died testate on October 16, 1958, and shortly thereafter appellant was appointed executrix.  On the 25th of the same month the first notice to creditors was published which meant that April 25, 1959 was the last date (as provided by Ark. Stats. § 62-2601) on which a claim could be filed against the Jones estate.  On November 6, 1958 appellee, Arkansas Farmers Association, Inc., filed its claim against said estate in the amount of $495.00. This claim purportedly was for the sale of chicks by appellee to said Jones although it was not so stated in the claim as filed.  The executrix disallowed appellee's claim on May 28, 1959.  Later, after a full hearing on the merits, the Probate Court ordered appellee's claim paid in full.  It is from said Order that appellant prosecutes this appeal.

For a reversal of the Order of the Probate Court appellant contends (a) that the said claim was not made out and filed according to the provisions of Ark. Stats. § 62-2603; (b) that the Probate Court erred in admitting testimony offered by appellee to explain and prove its claim; and (c) that there is no competent proof that any goods or property were sold or delivered by appellee to said Jones. Other objections are discussed by appellant which we shall briefly note later. We are unable, however, to agree with appellant in any of the three contentions above mentioned.

(a) The claim heretofore mentioned which was filed by appellee merely showed the invoice number and a balance of $495.00 on what appears to be a statement blank or letterhead of appellee. It was certified by Waymond W. Elrod, Comptroller. Attached to the claim was an affidavit by appellee's attorney to the effect that all payments on the account had been credited, that there were no offsets, and that the amount of the claim ($495.00) was correct. It is appellant's contention that the above stated claim does not satisfy the requirements of said § 62-2603 in that it does not *describe the nature* of the claim. The pertinent part of this section reads: "No claim shall be allowed against an estate . . . unless it shall be in writing, describe the nature and amount thereof, if ascertainable, . . . that the amount is justly due, . . ."

We think it is unnecessary to decide (and we do not here decide) whether in this instance appellee's claim was sufficiently described to meet the requirements of the statute, because we have reached the conclusion that the executrix waived any possible non-compliance on the part of appellee by failing to deny the claim or to object to its form until the statute of non-claim had run. As heretofore noted, the last day for filing claims was April 25, 1959 and the executrix did not deny appellee's claim until May 28, 1959. There are several sections of the statutes (§ 62-2601, § 62-2602, § 62-2603, and § 62-2604) which deal with the filing of claims against an estate. It appears to us that the overall purpose of

these statutes is to effect and facilitate the payment of just claims against an estate within the specified time and not to defeat a just claim on a technicality that might entrap the claimant. The rule which we think achieves the above purpose, and which we hereby approve, is well stated in 21 Am. Jur., Page 593, § 373, *Form and Requirements of Claim.* It is there stated: ''If there is any uncertainty in a claim filed against a decedent's estate, it is incumbent on the personal representative to call for clarification. Where no objection is made by the executor or administrator against the sufficiency of the form in which a claim is stated he may be deemed to have waived the insufficiency. If he relies on defects in form in refusing to allow a claim, he should make known his objection seasonably.''

(b)   In view of what we have heretofore said and the conclusion heretofore reached it must necessarily follow that appellee had the right to introduce testimony in Probate Court in an attempt to establish the validity of its claim. This is what appellee attempted to do in the introduction of its testimony and we are unable to see how appellant was prejudiced in any way because she had full opportunity to show that the claim was not a valid one if she desired to do so.

(c)   Appellant's assertion that ''there is no competent proof in the record showing that any goods or property were ever sold or delivered to J. Hal Jones'', is not substantiated by the record. Waymond W. Elrod, appellee's employee in the capacity of Comptroller and Chief Accountant, states that he was in charge of all of the records, that the records reflect the transactions between appellee and Hal Jones; that they reflect ''the sale to Mr. Jones of 4,500 Ozark White Cornish chicks'' at ten cents each plus debeaking and vaccination. Also the record contains, as an exhibit, a full sheet showing numerous transactions on numerous dates between appellee and Hal Jones, verified by Elrod, and showing a balance due by Jones to appellee in the amount of $495.00. We find nothing in the record to contradict the

above. In fact it does not appear that appellant seriously challenged the validity of the claim on its merits.

The record reflects that appellee filed a suit in the Circuit Court on exactly the same account mentioned above against J. Hal Jones approximately forty days before Mr. Jones died. Appellant makes several objections based on the contention that the suit was not properly revived against the executrix and on the fact that Ark. Stats. § 62-2602 was not followed in an attempt to perfect his claim by filing a copy of the Circuit Court petition in the Probate Court, etc. It is sufficient to say, we think, that this suit was voluntarily dismissed by appellee and that it chose to present its claim as heretofore set out.

It must follow, therefore, from what has been heretofore said that the Order of the Probate Court must be, and it is hereby, affirmed.

Affirmed.