CHRONISTER *v.* CUSTER

5-3112                               374 S. W. 2d 357

Opinion delivered January 20, 1964.

*James K. Young, U. A. Gentry,* for appellant.

*John T. Jernigan,* Prosecuting Attorney, By *John W. Barron,* Deputy Prosecuting Attorney, for appellee.

ED. F. McFADDIN, Associate Justice. The appellant is Grace Chronister, administratrix of the estate of W. J. Chronister, deceased; and the appellee is Katheryn B. Custer, Business Manager and Administrator of the Pulaski County Hospital; and this appeal involves a claim allowed by the Probate Court of Pulaski County in favor of the appellee against the Chronister estate. In proper time the appellee filed the following claim:

"I, Kathryn Custer, Business Manager and Administrator of the Pulaski County Hospital, Little Rock, Arkansas, on behalf of the County of Pulaski in the State of Arkansas, do solemnly swear that the County of Pulaski is entitled to claim the sum of $320.00 against the Estate of W. J. Chronister, and that the said claim arises as follows:

"That the deceased, W. J. Chronister, was appointed guardian of the person and estate of Eunice Vaughn, Incompetent, in the Probate Court of Pope County, Arkansas, and that the said guardianship has now been

terminated. That the said W. J. Chronister filed in the said guardianship proceedings an accounting stating certain assets of the said Eunice Vaughn, and stating, among other things, that no assets existed other than those shown in the said accounting. That the County of Pulaski filed a claim in the said guardianship proceeding praying that it be allowed to claim against the estate for money expended by the said County for the care and custody of the said incompetent in the Pulaski County Hospital, which claim was allowed. That since the time of the termination of the said guardianship the said incompetent has remained in Pulaski County Hospital, and that the County of Pulaski is entitled to claim against any assets of the said incompetent for her care, custody and maintenance. That on March 21, 1961, it was learned that after the termination of the guardianship of the incompetent, Eunice Vaughn, four checks in the total amount of $320.00 were received by W. J. Chronister and cashed by him, as shown by Exhibit 'A' attached hereto; that the County of Pulaski is entitled to be compensated for the care and custody of the said Eunice Vaughn, and that the said money so received by W. J. Chronister should have been paid to the County of Pulaski for use on behalf of the said incompetent or the guardianship in Pope County reopened and a supplemental accounting filed therein, neither of which was done. ''Wherefore Katheryn Custer prays that her claim on behalf of Pulaski County be allowed in the amount of $320.00, and that this Court order payments of the above sum to the Pulaski County Hospital. /s/ Katheryn Custer.''

From the allowance of the claim there is this appeal presenting several points of which we discuss only two, since they are decisive.

I. The Chronister Estate was not indebted to Pulaski County. Eunice Vaughn was indebted to Pulaski County, but the Chronister estate was not so indebted; so the claim filed by Katheryn Custer for Pulaski County was entirely improper. The Chronister estate might or might not have been indebted to Eunice Vaughn, that could only have been determined if a claim had been

filed for Eunice Vaughn. But Pulaski County could not file a claim, such as this one, against the Chronister estate as though the claim were a garnishment proceeding. The estate of Eunice Vaughn filed no claim against the Chronister estate, nor did the estate of Eunice Vaughn make any assignment of any claim to Pulaski County. Since the Chronister estate did not owe anything to Pulaski County, and since no assignment of the claim of Eunice Vaughn to Pulaski County was shown, it necessarily follows that the Court was in error in allowing the claim of Pulaski County against the Chronister estate.

II. The holding in *Jones* v. *Arkansas Farmers' Assn.*, 232 Ark. 186, 334 S. W. 2d 887, affords the appellee no support. Before the administratrix of the Chronister estate denied the Pulaski County claim, the statute of non-claims had run against any claim that the estate of Eunice Vaughn might have filed. It was therefore insisted below, and is urged here, that such failure of a more prompt denial amounted to a waiver by the administratrix of the Chronister estate to resist the present claim: that is, the failure to deny the present claim before the statute of non-claims ran against any claim that Eunice Vaughn might have urged, constituted a waiver of the right to resist the present claim. We see no merit in appellee's position. In the Jones case it was pointed out that a party waives objection to the *form* in which a claim is filed if the disapprovel of the claim be not made until after the statute of non-claims had run. That case does not stand for the proposition that if a claim is filed in behalf of *the wrong claimant* then the estate against which the claim is filed becomes liable merely because such claim was not denied until after the expiration of the time in which the proper claimant could have filed a claim.

Since the claim cannot be considered as a claim filed in behalf of Eunice Vaughn, and since the Chronister estate is not indebted to Pulaski County, the claim here allowed must be denied. The judgment is reversed and the cause remanded with directions to disallow the claim here involved.