Raymond E. HUFF *v.* Joseph N. BRUCE Jr. et al

76-403                                    549 S.W. 2d 282

Opinion delivered April 25, 1977
(In Banc)

*Wade, McAllister, Wade & Burke, P.A.,* by: *John R. Eldridge III,* for appellant.

*Putman, Davis & Bassett,* by: *Sidney P. Davis, Jr.,* for appellee.

GEORGE ROSE SMITH, Justice. The appellant, Raymond E. Huff, was the holder of a $5,000 contingent claim against the estate of Joe N. Bruce, deceased. The claim became absolute more than six months before the probate court's final order of distribution of the estate, but Huff failed to present the claim for allowance within that interval. Instead, he brought this suit in the circuit court, asking the court to enter a declaratory judgment holding that the distributees of the estate (the appellees) are liable for the debt up to the extent of the property received by them from the estate. This appeal is

from a summary judgment holding Huff's cause of action to be barred by reason of his failure to file a claim against the estate within six months after the claim became absolute. The only issue is whether the trial court properly interpreted subsections (b) and (c) of § 119 of the Probate Code. Ark. Stat. Ann. § 62-2610 (Repl. 1971). We agree with the trial court.

Huff, the claimant, and Bruce, the decedent, were co-makers of promissory notes due August 1, 1974. Bruce died on February 4, 1974, with the first notice to creditors of his estate being published on February 13. Huff and the holders of the notes filed a claim against the estate on March 14, 1975. That claim was denied, presumably because it was not filed within six months after the first notice to creditors. Ark. Stat. Ann. § 62-2601. No appeal was taken from the disallowance of the claim. Huff paid the notes in full on June 3, 1975; so what had been a contingent claim against the estate for Bruce's share of the debt became absolute. Huff filed this suit against the distributees on August 13, 1975. The probate court's final order of distribution was made on May 26, 1976, with Huff having taken no further action against the estate.

Section 119 of the Probate Code comprises three subsections. Subsection (a) permits the holder of a contingent claim to file it in the probate court and prove it. Doubtless one purpose of subsection (a) is to enable the contingent creditor to prove his claim while the supporting evidence is still available.

We are concerned with subsections (b) and (c), which read as follows:

b. Claims Which Become Absolute During Administration.
A contingent claim which becomes absolute six months or more prior to the order of final distribution shall be presented for allowance within six months after becoming absolute; and when so allowed shall be deemed an absolute claim as against assets which have not been distributed or distribution whereof has not been approved, and shall be entitled to the benefit of the provisions of subsection c as to assets which do not re-

main in the hands or subject to the control of the personal representative.

c. When Barred Against the Estate. Contingent claims not presented within the time prescribed by Section 110 [§ 62-2601], or subsection b hereof, shall be barred as against the estate, but within the time now or hereafter permitted by law for bringing actions thereon, may be enforced against distributees of the estate to the extent of the assets of the estate or the proceeds thereof, remaining in the hands of such distributees. [Ark. Stat. Ann. § 62-2610.]

The correct interpretation of the statute is not entirely free from doubt. Huff argues that subsection (b) is merely permissive as to claims becoming absolute more than six months before the order of final distribution, leaving such a creditor free to pursue a remedy against the distributees, under subsection (c), without having filed a claim under (b). In making that argument Huff relies upon the reference in subsection (c) to "claims not presented within the time prescribed by . . . subsection b hereof." He also stresses the statement in the Committee Comment that subsection (c) covers "the rights of the holders of contingent claims who were not required to and did not present their claims (whose rights are not barred thereby) and whose claims become absolute *more* [our italics] than six months prior to the order of final distribution."

In construing the slightly conflicting language of the statute and of the Comment to *require* the filing of claims that become absolute more than six months before the final order of distribution, we are strongly influenced — as we should be — by the practical desirability of that interpretation. We must assume that the draftsmen of the Code and the legislators who approved it intended a good result, not a bad one.

In the first place, the Code fixes six months as the basic period allowed for the filing of claims. § 62-2601. It is fair and reasonable to allow that same period for the filing of a contingent claim after it becomes absolute. Otherwise a creditor whose claim was due when the notice to creditors was published would have only six months for the assertion of his

502

demand, but a creditor whose contingent claim became absolute one week after that publication would have extra months and even years in which to act. Such a protracted period of uncertainty about the liability of the estate or of the distributees is to be avoided.

In the second place, there are decided advantages in requiring that claims be asserted against the estate rather than against the distributees. The various beneficiaries of an estate are often residents of two or more jurisdictions. Thus the assertion of a single demand against them might entail a multiplicity of suits. There might also be problems about the comparative value of the property received by the several distributees and the extent to which they still had the property or its proceeds. All such difficulties are avoided if the claim must, whenever reasonably possible, be asserted against the estate.

The considerations just mentioned are supported by the presence of mandatory language in the statute and Comment. Subsection (b) provides that contingent claims that become absolute six months or more before the order of final distribution "shall" be presented for allowance within six months after becoming absolute. "Shall" is frequently used as a synonym of "must" rather than as a future auxiliary verb. *Fort Smith Gas Co.* v. *Kincannon,* 202 Ark. 216, 150 S.W. 2d 968 (1941). The Comment, in referring to subsection (b), recognizes "the requirement" that claims becoming absolute at least six months before the final order of distribution be filed. Colonel Adrian Williamson, one of the draftsmen of the Code, regarded subsection (b) as mandatory. In his words: "If the claim becomes absolute six months prior to the final distribution, it must be filed within six months after it became absolute." Panel on Experience Under the Arkansas Probate Code, 12 Ark. L. Rev. 38, 56 (1957). We made a similar statement in *Whitener* v. *Whitener,* 227 Ark. 1038, 304 S.W. 2d 260 (1957), although the point was not directly at issue.

We are not persuaded that the many reasons favoring a mandatory interpretation of subsection (b) are overcome by the arguments urged by the appellant. In particular, we agree

with the appellees' suggestion that the word "more," which we italicized in quoting subsection (c), was inadvertently used instead of "less." Unless that view is taken, the statute and the Comment are hopelessly self-contradictory. We cannot believe such a result to have been the legislative intention.

Affirmed.

BYRD, J., dissents.