Mark BANKS, as Administrator of the Estate of Dayna Banks,
Deceased  *v.*  Robert J. LANDRY, Jr., as Personal Representative of
the Estate of Robert J. Landry, Sr., Deceased

CA 08-25                                                    286 S.W.3d 183

Court of Appeals of Arkansas
Opinion delivered June 25, 2008

[Rehearing denied August 20, 2008.*]

*Paul N. Ford; Law Office of David H. Williams*, by: *David H. Williams*; and *Brian G. Brooks, Attorney at Law*, by: *Brian G. Brooks*, for appellant.

*Cahoon & Smith*, by: *David W. Cahoon*, for appellee.

DAVID M. GLOVER, Judge. In this case, appellant, Mark Banks, as administrator of the estate of Dayna Banks, deceased, appeals from two orders, the August 22, 2007 order denying his claim against the Landry estate and the October 4, 2007 order denying his motion to alter or amend the judgment of the trial court. We reverse and remand.

---

* HEFFLEY, J., would grant rehearing.

*Background*

The facts are essentially undisputed. On June 23, 2005, five persons were killed in an airplane crash. Among them were Dr. Robert J. Landry and Dayna Banks. Appellee, Robert J. Landry, Jr., was appointed administrator of his father's estate. He published the requisite notice to heirs and creditors on July 11, 2005.

On January 9, 2006,[1] appellant filed an affidavit[2] ("the claim") to claim against the Landry estate. It provided:

> I, Mark Banks, Administrator of the Estate of Dayna Banks, Deceased, do swear that the claim against the estate of Robert Landry, deceased, is correct, that nothing has been paid or delivered toward the satisfaction of the claim except as noted, that there are no offsets to this claim, to the knowledge of this affiant, except as therein stated, and that the sum of the claim is a contingent amount as result of wrongful death claim is now justly due (or will or may become due as stated). I further state that if this claim is based upon a written instrument, a true and complete copy, including all endorsements, is attached.

The claim was signed by appellant, whose signature was notarized. Attached to the claim was the order filed in the Banks estate, approving the retainer agreement between the estate and an attorney to "represent Mark E. Banks, Patrick M. Banks, Joy and Jack Tanner, and the estate in their claim(s) against any insurance company of Dr. Robert Landry, the pilot of the airplane; and any manufacturer and/or mechanic service of the airplane of Dr. Robert Landry, for damages and personal injuries resulting from the death of Dayna Banks on June 23, 2005." The retainer agreement, though itself not attached, provided in pertinent part:

> Clients retain attorney to represent them as their attorney at law to settle, adjust, file and prosecute by suit in the proper courts, or otherwise dispose of, their *claim against any insurance company of Dr. Robert Landry and the manufacturer and/or mechanic service of the airplane of Dr. Robert Landry,* for damages and personal injuries resulting from the death of Dayna Tanner Banks on June 23, 2005.

(Emphasis added.)

---

[1] The statute of nonclaim ran on January 11, 2006.

[2] The trial court's ruling that the affidavit as "the claim should not be denied for failure to file a separate claim form" was not appealed.

The appellee denied the claim and the following year filed a petition to determine that no claim against assets of the (Landry) estate could be made and to discharge the (Banks) claim. However, in the interim, the appellee had identified the claim as valid in a separate pleading in opposition to an unrelated claim. Following a hearing, the trial court denied the claim by its August 22, 2007 order. In the order the trial court found that there was not substantial compliance with certain provisions of Arkansas Code Annotated section 28-50-103 (Repl. 2004) required to be included in a claim. In particular, the order provided:

> Therefore, because the order approving the retainer agreement and the language in the retainer agreement itself did not authorize suit against the assets of the estate, the affidavit was deficient to serve as notice to the Landry Estate that the Banks Estate was proceeding against the individual assets of the Landry Estate. This is especially true, when coupled with the fact that the affidavit did not contain an amount of claim, the specific names of the plaintiffs and defendants in the wrongful death claim, or other pertinent information that would have put the estate on notice that the claim was against the separate assets of the Landry Estate as opposed to liability coverage. Therefore, the claim as to the separate assets of the Landry Estate is denied.

> THEREFORE, this court directs that no claim against any assets of this estate (other than as to any applicable insurance funds mentioned herein) can be made by the Estate of Dayna Banks, and those claims are hereby dismissed with prejudice.

This appeal followed the subsequent October 4, 2007 order.

### Standard of Review

The standard of review is straight forward. We review probate proceedings *de novo*, and we will not reverse the decision of the trial court unless it is clearly erroneous. *Dillard v. Nix*, 345 Ark. 215, 45 S.W.3d 359 (2001). When reviewing the proceedings, we give due regard to the opportunity and superior position of the trial judge to determine the credibility of the witnesses. *Id.* Similarly, we review issues of statutory construction *de novo*, as it is for this court to decide what a statute means. *Burch v. Griffe*, 342 Ark. 559, 29 S.W.3d 722 (2000). We are not bound by the trial court's decision; however, in the absence of a showing that the trial court erred, its interpretation will be accepted as correct on appeal. *Id.*

*Discussion*

The preliminary purpose of "claim against estate" is to provide reasonable notice to the administrator of the pending estate of relevant information regarding the claim, with which the administrator can make an informed decision.

Arkansas Code Annotated section 28-50-103 (Repl. 2004), provides:

> (a) No claim shall be allowed against an estate on application of the claimant unless it shall be in writing, describe the nature and the amount of the claim, if ascertainable, and be accompanied by the affidavit of the claimant or someone for him or her that the amount is justly due or, if not yet due, when it will or may become due, that no payments have been made on the claim which are not credited, and that there are no offsets to the claim, to the knowledge of the affiant, except as stated in the claim.

> (b) If the claim is contingent, the nature of the contingency shall be stated also.

> (c) If the claim has been assigned after the death of the decedent, the affidavit required in this section shall be made by or on behalf of the person owning the claim at the date of death of the decedent and by or on behalf of the assignee.

> (d) If a claim is founded on a written instrument, the original or a copy thereof with all endorsements must be attached to the claim.

> (e) The original instrument must be exhibited to the personal representative or court, upon demand, unless it is lost or destroyed, in which case its loss or destruction must be stated in the claim.

Applying the above section, the trial court determined that the order approving the retainer agreement and the language in the retainer agreement did not authorize suit against the assets of the estate, thus concluding that the claim was deficient to serve notice to the Landry Estate that the Banks Estate was proceeding against the individual assets of the Landry Estate. In reaching that conclusion, the trial court stated, "[t]his is especially true, when coupled with the fact that the affidavit did not contain an amount of claim, the specific names of the plaintiffs and defendants in the wrongful death claim, or other pertinent information that would have put the estate on notice that the claim was against the separate assets of the Landry Estate as opposed to liability coverage."

We can deduce from the above-noted "deficiencies" that the trial court therefore determined that the claim *was* sufficient with respect to the remaining statutory requirements: 1) it was in writing in the form of the affidavit, 2) it stated the nature of the claim, *i.e.*, a wrongful-death action, 3) it stated that the "amount" was justly due or will or may become due as stated, 4) it stated that no payments had been made on the claim, and 5) it stated that no offsets existed to the claim. In our view, the order attached to the claim, at the least, fleshed out the specific incident, *i.e.*, the airplane crash on June 23, 2005, supporting the claim. While the trial court accurately noted that the claimant was not correct in asserting that the wrongful-death claim was a contingent claim,[3] it does not appear that the trial court regarded that as a deficiency.

Before entry of its order, the trial court spent considerable time in a letter opinion discussing the retainer agreement and the order approving the retainer agreement, the gist of which has been previously described, *i.e.*, that in both the agreement and the order, the wording limited the attorney's authorization to proceeding against the insurance company only and not the estate separate from the insurance limits.

In *Jones v. Arkansas Farmers Ass'n*, 232 Ark. 186, 334 S.W.2d 887 (1960), our supreme court reached the conclusion that any possible noncompliance on the part of appellee had been waived by the executrix by failing to deny the claim or to object to its form until the statute of nonclaim had run. In reaching that conclusion, the supreme court commented:

> We think it is unnecessary to decide (and we do not here decide) whether in this instance appellee's claim was sufficiently described to meet the requirements of the statute, because we have reached the conclusion that the executrix waived any possible noncompliance on the part of appellee by failing to deny the claim or to object to its form until the statute of nonclaim had run. As heretofore noted, the last day for filing claims was April 25, 1959 and the executrix did not deny appellee's claim until May 28, 1959. There are several sections of the statutes (§ 62-2601, § 62-2602, § 62-2603, and § 62-2604) which deal with the filing of claims against an estate. *It appears to us that the overall purpose of these statutes is to effect and facilitate the payment of just claims against an estate within*

---

[3] A tort claim is an unliquidated claim, not a contingent claim. *See Turner v. Meek*, 225 Ark. 744, 284 S.W.2d 848 (1955).

> *the specified time and not to defeat a just claim on a technicality that might entrap the claimant.* The rule which we think achieves the above purpose, and which we hereby approve, is well stated in 21 Am.Jur., Page 593, § 373, Form and Requirements of Claim. It is there stated: "If there is any uncertainty in a claim filed against a decedent's estate, it is incumbent on the personal representative to call for clarification. Where no objection is made by the executor or administrator against the sufficiency of the form in which a claim is stated he may be deemed to have waived the insufficiency. If he relies on defects in form in refusing to allow a claim, he should make known his objection seasonably."

232 Ark. at 187-88, 334 S.W.2d at 888 (emphasis added). Although the court in *Jones* decided that case on the basis of waiver, rather than the sufficiency of the claim, the court's comments regarding the overall purpose of the statutes cannot be ignored. That purpose was specified to effect and facilitate the payment of just claims and not to defeat a claim based on a technicality. This stated purpose is supported by the following discussion contained in *Executors & Administrators*, 31 Am. Jur. 2d § 624 (2002):

> The contents of a claim should be liberally construed, since the statutes were not intended to make it easier to avoid payment of a just claim, but were intended to make a claimant set forth his claim with such particularity that the personal representative would be fully advised as to just what was claimed. Accordingly, a claim need not be in any particular form; it is sufficient if it states the character and amount of the claim, enables the representative to provide for its payment, and serves to bar subsequent claims by reason of its particularity of designation.

> Although a claim against an estate must be in writing, the presentation of a claim is neither a formal nor technical proceeding. A claim must be brought to the attention of the fiduciary by some action by or on behalf of the claimant, but the form of the presentation is of little importance so long as it furnishes sufficient information of the extent and character of the claim. A demand filed in probate court is not to be judged by the strict rules of pleading applied to a petition in the circuit court, and it is sufficient if it gives reasonable notice to the legal representative of the estate of the nature and extent of the claim and is sufficiently specific so that a judgment thereon will be res judicata of the obligation on which it is based. A claim is sufficient if it indicates the nature and amount of the demand in such a manner that the executors and probate

court can act advisedly on it. A note or contract need not be attached to the claim unless the claim is based upon a written note or contract.

■ Here, the question presented can be summarized as follows: whether the trial court erred in concluding that there was not substantial compliance with the statutory requirements to file a valid claim against an estate pursuant to Arkansas Code Annotated section 28-50-103. We conclude that there was substantial compliance, and, therefore, that the trial court erred in denying appellant's claim against the Landry estate.

Reversed and remanded for proceedings consistent with this opinion.

HART, ROBBINS and BAKER, JJ., agree.

GRIFFEN and HEFFLEY, JJ., dissent.

SARAH J. HEFFLEY, Judge, dissenting. The majority in this case has decided that appellant's "claim" against the Landry estate was sufficient because appellant substantially complied with the statutory requirements for filing a valid claim against an estate pursuant to Arkansas Code Annotated section 28-50-103 (Repl. 2004). I would affirm the trial court's determination that the "claim" filed by appellant did not substantially comply with the requirements of the statute; therefore, I must respectfully dissent.

Arkansas Code Annotated section 28-50-103 provides:

> (a) No claim shall be allowed against an estate on application of the claimant unless it shall be in writing, describe the nature and the amount of the claim, if ascertainable, *and be accompanied by the affidavit of the claimant* or someone for him or her that the amount is justly due or, if not yet due, when it will or may become due, that no payments have been made on the claim which are not credited, and that there are no offsets to the claim, to the knowledge of the affiant, except as stated in the claim.

(emphasis added). As the majority explains, in this case appellant filed only an affidavit of claim against the Landry estate on January 9, 2006, and attached to this affidavit a copy of the order filed in the Banks estate that approved the retainer agreement between the estate and its attorney. Appellant represented to the trial court that the order constituted his claim. In examining the requirements for the contents of a claim under section 28-50-103, the trial court made the following findings. With respect to the deficiency of the contents of the claim

and affidavit, the court found the affidavit to be deficient in that the amount of the claim was not provided. The court also noted that, under the statute, if the claim is founded on a written instrument, the original or a copy thereof must be attached to the claim. The court stated:

> Even though a complaint may not have been prepared at the time the affidavit of claim was filed, one and one-half years have passed since that time, and a written complaint still has not been filed in this estate, nor, as far as this Court can ascertain, has a complaint been served, nor has the affidavit of claim been amended to put the estate on notice of the amount claimed. . . . Therefore, it appears to this Court that although some of the requirements to be included in a "claim" pursuant to A.C.A. § 28-50-103 have been complied with, others have not been substantially complied with in this case.

Also, with regard to appellant's authority to proceed against the assets of the Landry estate, the court agreed with appellee's argument and found that (1) the parties did not anticipate suing the estate individually at the time the retainer agreement was obtained and the affidavit was filed; (2) the order approving representation authorized suit against the insurance company and the manufacturer/mechanic only, and not the personal estate of Landry; and (3) the language in the "retainer contract" is what the order was based upon, and it specifically authorized appellant's attorney to proceed only against any insurance company of Dr. Landry and the manufacturer and/or mechanic service of the airplane. In conclusion, the court stated: "Because the order approving the retainer agreement and the language in the retainer agreement itself did not authorize suit against the assets of the estate; the affidavit was deficient to serve as notice to Landry Estate that the Banks' estate was proceeding against the individual assets of the Landry estate."

It is clear from the plain language of section 28-50-103 that the statute contemplates both a claim *and* an affidavit of claim to be filed. In this case, there is no question that appellant filed an affidavit of claim, but appellant failed to file anything that would qualify as a claim under the statute. I agree with appellant that under *Turner v. Meek*, 225 Ark. 744, 284 S.W.2d 848 (1955), it could have filed either a copy of the tort complaint or a "signed statement giving all the details ordinarily found in a complaint" to fulfill the "claim" requirement; the problem is appellant filed neither in this case. And, for reasons elucidated by the trial court

above, I cannot agree with the majority's conclusion that the affidavit itself can also serve as the "claim" as contemplated by the statute. I therefore respectfully dissent.

I am authorized to state that Judge Griffen joins in this dissent.